**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **In re: BAYCOL PRODUCTS LITIGATION** | **MDL No. 1431 (MJD/JGL)** |
| **This Document Relates to:** | |
| *Hughes, Julius, et al. v. Bayer AG, et al.* | Case No. 02-0058 |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT GLAXOSMITHKLINE PLC FOR INSUFFICIENT SERVICE**

Defendant GlaxoSmithKline plc ("PLC") respectfully moves this Court to dismiss PLC from the above-captioned case because plaintiffs failed to serve a summons and complaint upon PLC.

## I. FACTUAL BACKGROUND

This case was filed on January 9, 2002, in the United States District Court for the District of Minnesota by the law firms of Heins, Mills & Olson and Alexander, Hawes & Audet. The class action complaint names one representative plaintiff, Julius Hughes.

Although the complaint names PLC as a defendant, plaintiff has never served PLC with summons and complaint. PLC is a public limited liability holding company incorporated in England and Wales and headquartered in Middlesex, England. PLC had no involvement with Baycol, either in the United States or in any other country.

SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"), who is not named in plaintiff's complaint, was involved with the marketing of Baycol in the United States pursuant to a co-promotion agreement between GSK's predecessor, SmithKline Beecham Corporation, and Bayer. GSK's involvement with the marketing of Baycol ended on August 8, 2001, when Bayer Corporation voluntarily withdrew Baycol from the

United States market. GSK is owned, through several levels of wholly owned subsidiaries, by PLC.

## II. ARGUMENT

The Federal Rules of Civil Procedure require that a plaintiff serve a summons and complaint upon each named defendant within 120 days after filing the complaint, or the court "shall dismiss the action." Fed. R. Civ. P. 4(m).

Plaintiff has never served PLC in this case, even though more than four years have passed since the case was filed. *See* Affidavit of Marianne Gagliardi, attached as Exhibit A. Moreover, the docket in this case does not reflect any attempt by plaintiff to serve PLC, as no return of service was ever filed. Because plaintiff failed to serve PLC within the mandated 120-day time period, this Court should dismiss PLC from this case.

## III. CONCLUSION

For the reasons set forth above, PLC respectfully requests this Court to dismiss PLC from this case because plaintiff failed to serve PLC within the 120-day time period.

Respectfully submitted,

*Original Signature on File with Filing Attorney*

Fred T. Magaziner
Shane T. Prince
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Dated: May 31, 2006

Attorneys for Defendant GlaxoSmithKline PLC