**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: BAYCOL PRODUCTS LITIGATION | MDL No. 1431 (MJD/JGL) |
| This Document Relates to: | Court File No. 02-0058 |
| *Julius Hughes, et al. v. Bayer Corporation, et al.* | |

**AFFIDAVIT OF KEVIN L. THOMASON IN SUPPORT OF PLAINTIFF JULIUS HUGHES' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS, WITNESSES AND ANSWERS TO INTERROGATORIES**

I, Kevin L. Thomason, hereby declare and affirm the following:

1. I am an attorney licensed to practice law in the State of California, and a senior associate at the law firm of Alexander, Hawes & Audet, LLP, co-counsel of record for Plaintiff in this litigation.

2. I am personally familiar with the facts state in this Affidavit and, if called as a witness, could and would testify competently thereto.

3. On May 3, 2006, our firm propounded Plaintiff Julius Hughes' First Request for Production of Documents to Defendants. A true and correct copy of that document request is attached hereto as Exhibit A.

4. On May 26, 2006 we noticed the deposition of Bayer "detailing reps" Ross Delmendo and Tooanh N. Nguyen. A true and correct copy of that notice is attached hereto as Exhibit B.

5. On May 30, 2006 Kenneth Friedman sent us a facsimile concerning Plaintiff's May 26 notices of deposition. In that facsimile, Kenneth Friedman stated that he was representing Ross Delmendo "for purposes of this litigation." While Mr. Friedman was very

forthcoming with the ex-employee status of witness Nguyen, he was not forthcoming about Delmendo's status. In fact, at no time did Mr. Friedman clarify the fact that Ross Delmendo is a non-party to this action. Based on this representation, we believed that Ross Delmendo was still a Bayer employee, and as such could not be directly subpoenaed, since he was a "party" witness. A true and correct copy of that fax is attached hereto as Exhibit C.

6. On June 2, 2006, Defendant Bayer replied to the May 3 document request, but objected to every request, and therefore produced no documents. Joshua Ezrin, of this office, emailed defense counsel Kenneth Friedman and informed him that the discovery response was deficient. A true and correct copy of that discovery response and our reply is attached hereto as Exhibits D and E.

7. On June 7, Mr. Friedman sent us a short email saying that that Defendant Bayer's document collection was "almost complete." A true and correct copy of that email is attached hereto as Exhibit F.

8. On June 8, 2006 Joshua Ezrin faxed and emailed a letter to Kenneth Friedman. In that letter, Mr. Ezrin informed Friedman of Plaintiff's intent to depose additional detail reps, and asked for mutually agreeable dates. Mr. Ezrin also asked Mr. Friedman for the name of Bayer's regional sales manager so that Plaintiff could depose that person as well. In addition, Mr. Ezrin attempted to confirm the June 22 date for Mr. Delmendo's deposition. Finally, Mr. Ezrin pointed out the deficiencies in Bayer document production (the main problem being that no documents were actually produced). A true and correct copy of that letter is attached hereto as Exhibit G.

9. Six days later, on June 14, Mr. Friedman composed and faxed a letter to Mr. Ezrin. Due to a problem with either the sending or receiving fax machine, we did not receive

this letter until the afternoon of June 15. In this letter, Mr. Friedman indicated that Mr. Delmendo had a conflict with his "current employer" on June 22, and was "working" to "find a convenient date." This was the first time that defense counsel saw fit to inform us that Mr. Delmendo was not a current Bayer employee. However, based on Mr. Friedman's assurances that the erstwhile deponent "was working to find a date," we chose not to subpoena the witness at that time. A true and correct copy of that letter is attached hereto as Exhibit I.

10. On the morning June 15, 2006 before Plaintiff's counsel had received the tardy June 14 letter from Mr. Friedman, I called Mr. Friedman's office and left several messages. Not hearing from him, I then emailed him, and ultimately sent a confirming fax – all of this in an attempt to obtain the deposition dates and discovery documents referenced in Joshua Ezrin's June 8 letter. A true and correct copy of my email is attached hereto as Exhibit H.

11. On June 15, 2006 after numerous attempts to contact Mr. Friedman, he finally sent an email and fax to me essentially reiterating the main points of his lengthy June 14 letter to Mr. Ezrin, and also asserted that PTO 149 "expressly limits" the discovery process such that the deposition of the regional sales manger is not allowed. A true and correct copy of that letter is attached hereto as Exhibit J.

12. On June 16, Mr. Friedman emailed our firm the documents he "agreed to produce" in his earlier June 7 email. This long-awaited document production consisted of a total of 6 pages of mostly blank documents. Even so, it had taken Defendants more than 45 days to produce it. A true and correct copy of those documents is attached hereto as Exhibit K.

13. On June 19, I again called, emailed, and faxed Mr. Friedman, and again asked him to telephonically meet and confer on the document discovery and upcoming depositions. A true and correct copy of that letter is attached hereto as Exhibit L.

14. On June 21, Mr. Friedman replied to us via letter. But instead of setting Mr. Delmendo's deposition date, or producing more documents, he simply said that "if [Ross Delmendo is not choosing a date] quickly enough for you, perhaps you should subpoena him." Mr. Friedman also reiterated his assertion that PTO 149 does not allow the deposition of the Bayer Regional Sales Manager. It was also in this letter that Mr. Friedman explicitly stated that he would not talk to us via phone (i.e., "despite [your] suggestion that we speak telephonically . . . we feel that it is prudent to speak in a manner that results in a written record.") A true and correct copy of that letter is attached hereto as Exhibit M.

15. Because Mr. Friedman had failed to set a deposition date for his client, Ross Delmendo, even after assuring us for weeks that he would do so – we were forced to subpoena Mr. Delmendo ourselves. This apparently resulted in confusion on the part of Mr. Friedman, and consequently a flurry of emails back and forth between our respective offices. Of course, if we had the option of actually calling Mr. Friedman on the phone, we might have been able to avoid the cumbersome practice of having to email and/or fax Mr. Friedman every time we needed to resolve any aspect of discovery. A true and correct copy of some of these communications is attached hereto as Exhibit N.

16. A true and correct copy of the PTO 149-mandated "detailing information" is attached hereto as Exhibit O.

17. A true and correct copy of PTO 149 is attached hereto as Exhibit P.

18. On June 30, I created a timeline to illustrate some of the reasons why we are bringing the instant Motion to Compel. That timeline is attached hereto as Exhibit Q.

19. On June 30, 2006 Defendants responded to Plaintiff's Interrogatories. Those responses are attached hereto as Exhibit R.

20. On June 30, 2006 Defendant responded to Plaintiff's Second Request for Production of Documents. Those responses are attached hereto as Exhibit S.

21. On July 6, 2006 while at Sidley & Austin's Los Angeles offices for a deposition, I spoke briefly with Catherine Valerio Barrad, a partner at the firm. I attempted to meet and confer with her regarding the Defendant's inadequate discovery responses. Even though Ms. Barrad's signature appears on Defendant's "responses" to our discovery attempts (Exs. D, R, S to this Affidavit), she was unwilling to meet and confer on any discovery issues whatsoever, and simply stated "you have your position, we have ours." I attempted to remind her that our "position" was not so much of a position, but simply a desire to get the discovery that Plaintiff is entitled to, and that he requires for his case. Even with my attempt to open a dialog with Ms. Barrad, she continued in her refusal to meet and confer on any discovery issues.

I declare under penalty of perjury of the law of the State of California that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on the 7th day of July, 2006.

Original Signature on File with Filing Attorney.
Kevin L. Thomason

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California; my business address is 221 Main Street, Suite 1460, San Francisco, California 94105. I am over the age of 18 and not a party to the within action. On this date a true and correct copy was electronically served on attorneys of record and liaison counsel:

**AFFIDAVIT OF KEVIN L. THOMASON IN SUPPORT OF PLAINTIFF JULIUS HUGHES' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS, WITNESSES AND ANSWERS TO INTERROGATORIES**

on the parties shown below:

(*See attached service list.*)

☐ (BY FAX) I am readily familiar with the firm's practice of facsimile transmission; on this date the above-referenced documents were transmitted, the transmission was reported as complete and without error and the report was properly issued.

☐ (BY MAIL) I am readily familiar with the firm's practice for the processing of mail; on this date, the above-referenced documents were placed for collection and delivery by the U.S. Postal Service following ordinary business practices.

☐ (BY ELECTRONIC FILING) On this date I provided the documents(s) listed above electronically through the Court's electronic filing service provider pursuant to the instructions on that website.

X (BY E-MAIL) On this date, the above-referenced documents were converted to electronic files and e-mailed to the addresses shown.

☐ Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on this 7th day of July, 2006, at San Francisco, California.

Original Signature on File with Filing Attorney.

Kenneth E. Friedman
Susan A. Weber
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles CA 90013
Telephone: 213.896.6000
Facsimile: 213.896.6600
kfriedman@sidley.com
sweber@sidley.com
baycoldps@sidley.com

Deanna D. Daily
LARSON KING
2800 Minnesota World Trade Center
30 East Seventh Street
St. Paul MN 55101
Telephone: 651.312.6500
Facsimile: 651.312.6618
ddaily@larsonking.com

Philip S. Beck
Adam Hoeflich
BARTLIT, BECK, HERMAN,
PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago IL 60610
Telephone: 312.494.4411
Facsimile: 312.494.4440
philip.beck@bartlit-beck.com
adam.hoeflich@bartlit-beck.com

Kathryn Connelly
Fred T. Magaziner
DECHERT LLP
4000 Bell Atlantic Tower
Philadelphia PA 19103-2793
Telephone: 215.994.4000
Facsimile: 215.994.2222
kathryn.connelly@dechert.com
fred.magaziner@dechert.com
baycoldep@dechert.com

Thomas Moore
Mario Horwitz
DRINKER BIDDLE & REATH LLP
333 South Grand Avenue, Suite 1700
Los Angeles CA 90071-1594
Telephone: 213.253.2300
Facsimile: 213.253.2301
thomas.moore@dbr.com
mario.horwitz@dbr.com