# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re Baycol Products Liability Litigation | : | MDL No. 1431 (MJD/JGL) |
| This Document Relates to: | : | |
| *Hughes v. Bayer A.G., et al.* | : | Case No. 02-0058 |

**PLAINTIFF JULIUS HUGHES' REQUEST FOR PRODUCTION OF DOCUMENTS (REQUEST NO. 1)**

PROPOUNDING PARTY: PLAINTIFF Julius Hughes

RESPONDING PARTY: DEFENDANTS

SET NUMBER: ONE

Pursuant to Federal Rules of Civil Procedure, Rule 34, please produce all documents within Defendants present custody or control to Alexander, Hawes & Audet, LLP, 221 Main Street, Suite 1460, San Francisco, California 94105 within thirty (30) days of serving this request.

**REQUESTS**

(1) All documents summarizing, describing, concerning or relating to Baycol and transmitted, mailed, communicated with or delivered to:

A. Doctor Zucker (and/or his employers, employees, partners or practice group or practice group members);

B. Pacific Care of California

C. Mulliken Medical Group

D. Dr. Raymond Zing (and/or his employers, employees, partners or practice group or practice group members).

(2) All "call" notes or records or summaries or outlines of any visits to, or payments made by anyone, on behalf of Defendants (including any sales representatives, employees, PSRs or contractor of Defendants) relating to Baycol and:

A. Doctor Zucker (and/or his employers, employees, staff, partners or practice group or practice group members);

B. Pacific Care of California

C. Mulliken Medical Group

D. Dr. Raymond Zing (and/or his employers, employees, staff, partners or practice group or practice group members).

(3) All documents concerning or relating to Julius Hughes or his family or any of the prescribing or treating doctors of Julius Hughes.

(4) All documents provided to Doctor Zucker (and/or his employers, employees, staff, partners or practice group or practice group members) by Bayer (including its employees, staff, sales representatives, PSR's, Managed Markets representatives) outlining or summarizing or relating to any risks associated with Baycol.

Dated: May 3, 2006

William M. Audet

ALEXANDER, HAWES & AUDET, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.982.1776
Facsimile: 415.576.1776

*Attorneys for Plaintiff, Julius Hughes*

**CERTIFICATE OF SERVICE**

Copies of the foregoing were sent on this 3rd day of May, 2006 via electronic mail and

U.S. mail to:

Kenneth E. Friedman
kfriedman@sidley.com
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA 90013

Philip S. Beck
Adam Hoeflich
philip.beck@bartlit-beck.com
adam.hoeflich@bartlit-beck.com
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603

Kathryn L. Connelly, Esq.
Kathryn.connelly@dechert.com
Dechert LLP
Cira Center
2929 Arch Street
Philadelphia, PA 19104

Thomas M. Moore, Esq.
Mario Horwitz, Esq.
thomas.moore@dbr.com
mario.horwitz@dbr.com
Drinker Biddle & Reath LLP
333 South Grand Avenue, Suite 1700
Los Angeles, CA 90071



# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re Baycol Products Liability Litigation | : | MDL No. 1431 (MJD/JGL) |
| This Document Relates to: | : | |
| *Hughes v. Bayer A.G., et al.* | : | Case No. 02-0058 |

## NOTICE OF DEPOSITIONS

YOU ARE HEREBY NOTIFIED that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiffs hereby notice the depositions of :

1. Ross Delmendo on June 22, 2006 at 10:00 a.m.;
2. Tooanh N. Nguyen on June 23, 2006 at 10:00 a.m.;

The depositions will be held at Murphy Rosen & Cohen LLP, 100 Wilshire Blvd., Suite 1300, Santa Monica, California 90401.

Each of the Noticed depositions will be stenographically recorded by a court reporter authorized to administer oaths and will continue day to day, excluding Saturdays, Sundays and holidays, until completed.

You are invited to attend and cross-examine.

Dated: May 26, 2006

Adel A. Nadji

**CERTIFICATE OF SERVICE**

Copies of the foregoing were sent on this 26th day of May, 2006 via electronic mail to:

Kenneth E. Friedman
kfriedman@sidley.com
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA 90013

Philip S. Beck
Adam Hoeflich
philip.beck@bartlit-beck.com
adam.hoeflich@bartlit-beck.com
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603

Kathryn L. Connelly, Esq.
Kathryn.connelly@dechert.com
Dechert LLP
Cira Center
2929 Arch Street
Philadelphia, PA 19104

Thomas M. Moore, Esq.
Mario Horwitz, Esq.
thomas.moore@dbr.com
mario.horwitz@dbr.com
Drinker Biddle & Reath LLP
333 South Grand Avenue, Suite 1700
Los Angeles, CA 90071

______________________

Alexander, Hawes & Audet, LLP
Counselors-at-law

221 MAIN STREET, SUITE 1460
SAN FRANCISCO CA 94105
TELEPHONE: 415.982.1776
FACSIMILE: 415.576.1776
www.alexanderlaw.com

*San Jose Office:*
152 NORTH THIRD STREET, SUITE 600
SAN JOSE CA 95112-7711
TELEPHONE: 408.289.1776
FACSIMILE: 408.287.1776

*New York Office:*
THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 930
NEW YORK, NY 10279-0997
TELEPHONE: 212.941.9933
FACSIMILE: 212.941.9934

# FACSIMILE TRANSMISSION COVER SHEET

0320

TO: Miller & Associates

FAX NO.: 1.310.450.~~7795~~

CC:

FROM: Adel A. Nadji

DATE: 06/13/2006

TOTAL PAGES: 2
*(including this cover page)*

RE:

NOTES: Scheduling the deposition for Ross Delmendo on June 22, 2006 at Murphy, Rosen, and Cohen.

**FACSIMILE CONFIDENTIALITY NOTICE**

The documents accompanying this facsimile transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named below. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient you are hereby notified that any disclosure copying distribution or use of any of the information contained in this transmission is strictly **PROHIBITED**. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.

JUN-13-2006(TUE) 13:27 0002 (FAX)4155761776 P.001

Transaction Report

nd
ansaction(s) completed

| TX | Date/Time | Destination | Duration | P.# | Result | Mode |
|---|---|---|---|---|---|---|
| 850 | JUN-13 13:26 | 13104500320 | 0°01'06" | 003 | OK | Normal |

# Alexander, Hawes & Audet, LLP

Counselors-at-law


San Jose Office:
152 North Third Street, Suite 600
San Jose CA 95112-7711
Telephone: 408.289.1776
Facsimile: 408.287.1776

221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.982.1776
Facsimile: 415.576.1776
www.alexanderlaw.com

New York Office:
The Woolworth Building
233 Broadway, Suite 930
New York, NY 10279-0997
Telephone: 212.941.9933
Facsimile: 212.941.9934


## FACSIMILE TRANSMISSION COVER SHEET

0320

**TO:** Miller & Associates

**FAX NO.:** 1.310.450.~~2295~~

**CC:**

**FROM:** Adel A. Nadji

**DATE:** 06/13/2006

**TOTAL PAGES:** 2
*(including this cover page)*

**RE:**

**NOTES:** Scheduling the deposition for Ross Delmendo on June 22, 2006 at Murphy, Rosen, and Cohen.

# Exhibit C

SIDLEY AUSTIN LLP
SIDLEY

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
213 896 6000
213 896 6600 FAX

kfriedman@sidley.com
(213) 896-6055

BEIJING
BRUSSELS
CHICAGO
DALLAS
GENEVA
HONG KONG
LONDON
LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
TOKYO
WASHINGTON, DC

FOUNDED 1866

May 30, 2006

**Via Facsimile**
Joshua Ezrin
Alexander, Hawes & Audet, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
415-576-1776

Re: *In re Baycol Products Liability Litigation*, MDL No. 1431

Dear Mr. Ezrin:

I am in receipt of your deposition notices for Tooanh Nguyen and Ross Delmendo in Hughes v. Bayer, et al., Case No. 02-0058. For the purposes of this litigation, Sidley represents Ross Delmendo and we are happy to discuss convenient times for his deposition. We will inquire whether he is available on June 22 and get back to you shortly. Unfortunately, despite our efforts, we have not been able to establish contact with Tooanh Nguyen, who no longer works for Bayer. Accordingly, we are providing you Bayer's last known address for her as follows:

Tooanh N. Nguyen
4046 McLaughlin Ave.
Los Angeles, CA 90066

Sincerely,

Kenneth E. Friedman

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

LA1 790589v.1

SIDLEY AUSTIN LLP
SIDLEY

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
(213) 896 6000
(213) 896 6600 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON
LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
TOKYO
WASHINGTON, DC

FOUNDED 1866

## FACSIMILE/TELECOPIER TRANSMISSION

**From:**

**Name:** Ken Friedman

**Voice:** 213-896-6055

**To:**

**Name:** Joshua Ezrin
**Company:**
**Facsimile#:** 415-576-1776
**Voice Phone:**
**Subject:** Baycol

**Date:** 5/30/2006 **Time:** 4:23:07 PM **No. Pages (Including Cover):** 2

## Message:

* * * * * * * * * * *

IRS CIRCULAR 230 DISCLOSURE: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

* * * * * * * * * * *

***Problems with this transmission should be reported to:***

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY(IES) TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

SIDLEY AUSTIN LLP IS A LIMITED LIABILITY PARTNERSHIP PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN PARTNERSHIPS

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : MDL No. 1431 (MJD) |
| This Document Relates to: | : |
| *Julius Hughes, et al. v. Bayer Corp., et al.* | : Case No. 02-0058 |

**RESPONSE OF DEFENDANTS BAYER CORPORATION AND BAYER AG TO PLAINTIFF JULIUS HUGHES' REQUEST FOR PRODUCTION OF DOCUMENTS (REQUEST NO. 1)**

PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1. Bayer Corporation and Bayer AG (collectively "Bayer Defendants" or "Bayer") object to Plaintiff's Request for Production of Documents (Request No. 1) because those written discovery requests are outside the scope of case-specific discovery allowed by Pretrial Order 149, the terms of which govern "all actions" that are part of the above-referenced Multi-District Litigation, including this matter.

Specifically, Section I.A.1. of Pretrial Order 149 provides:

> **I. CASE-SPECIFIC DISCOVERY**
>
> **A. <u>General Principles</u>**
>
> 1. **Sole and Exclusive Forum for Conducting Case-Specific Discovery.** All case-specific discovery in cases currently docketed or that may in the future be docketed in MDL 1431 and all related actions that have been or will be originally filed in or removed to this Court shall occur under the express limitations set forth below and during the time periods permitted herein.

Although Pretrial Order 149 includes numerous provisions defining the scope of allowable case-specific discovery, there is no provision allowing the service of case-specific written discovery by any party. For this reason, the Bayer Defendants object to the Request for Production of Documents served by Plaintiff in this matter in its entirety. Moreover, the Bayer Defendants object to the Request for Production of Documents served by Plaintiff insofar as it seeks duplicative information previously produced pursuant to section I.C.1.c.(1) of PTO 149.

2. The volume of documents and electronic data collected, reviewed and produced in the Baycol litigation has required the Bayer Defendants to coordinate their responses to the similar discovery requests of plaintiffs' counsel around the country. Accordingly, Bayer began producing documents to various plaintiffs on

March 1, 2002. The initial productions consisted of the imaged physical files of numerous people involved in Baycol, including employees who worked in Sales and Marketing, Drug Safety, Regulatory Affairs, Medical Affairs, and Clinical Communications; the Investigational New Drug Application ("IND") submitted to the FDA; the Supplemental New Drug Application ("SNDA") for the 0.8 milligram dose of Baycol submitted through CANDA; over 6 million database records of physician prescribing information; animal and clinical studies related to Baycol; and promotional and sales training materials, including over 100 videotapes. Bayer has made numerous supplemental document productions, including the New Drug Application ("NDA") and Supplemental New Drug Applications ("SNDA") related to Baycol; the Regulatory Affairs department files relating to these applications; various database records; and additional documents of Bayer employees. To date Bayer has produced over six million pages of documents and other material. Bayer has also offered to produce its adverse events database, and provided plaintiffs' counsel information regarding arrangements necessary to obtain a license offered by the vendor of the Clintrace database software licensed by Bayer.

4. As the Bayer Defendants have not completed their investigation of this matter, given the extensive number of documents and electronic data that must be

reviewed, responses are provided herein without prejudice to Bayer's right to amend or supplement the same.

5. The Bayer Defendants object to this discovery to the extent that it seeks to discover information that is protected by the attorney-client privilege, joint defense privilege, the attorney work-product doctrine, discovery exemptions afforded consulting experts, or as trial preparation material or by any other applicable privilege or protection afforded by common law, statutory law, constitutional law or otherwise.

6. The Bayer Defendants object to any and all requests to the extent that they seek confidential financial, trade secret or other business information, medical histories, personnel records or health histories without the protection of an acceptable form of stipulation and protective order adequate to preserve the confidentiality of such information.

7. The Bayer Defendants object to any and all requests to the extent that they seek information or the identification of documents, writings, records, or publications in the public domain since such information is equally available to the plaintiffs.

9. The Bayer Defendants object to any and all requests to the extent that they are overly broad, unduly burdensome, are not specific as to time, seek irrelevant information, are not stated with reasonable particularity, and are not reasonably calculated to lead to the discovery of admissible evidence.

10. The Bayer Defendants object to the definitions contained in these requests to the extent that they purport to expand, enlarge or alter its obligations under the applicable Federal Rules of Civil Procedure.

11. The Bayer Defendants hereby incorporate their objections set forth above into each of the following responses.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1. All documents summarizing, describing, concerning or relating to Baycol and transmitted, mailed, communicated with or delivered to:

A. Doctor Zucker (and/or his employers, employees, partners or practice group or practice group members);

B. Pacific Care of California

C. Mulliken Medical Group

D. Dr. Raymond Zing (and/or his employers, employees, partners or practice group or practice group members).

**RESPONSE:** Bayer objects that this request is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, documents not related to the prescribing physician in this matter. Bayer further objects that the terms "Doctor Zucker" and "Dr. Raymond Zing" are vague and ambiguous. For purposes of responding to this document request, Bayer will assume that the name "Dr. Raymond Zing" is misspelled and should be "Dr. Raymond Jing." Subject to and without waiving its specific objections or those stated in paragraphs 1 – 10 of its preliminary statement and general objections herein, Bayer states it has previously produced detailing information as required by PTO 149; Dear Healthcare Provider letters and other Baycol-related mailings to physicians; documents regarding Baycol-related training of salespersons; and advertising and promotional materials provided to sales representatives responsive to this request, including without limitation documents located on CD Nos. 27

through 33 of the April 1, 2002 production and CD Nos. 1 through 4 of the February 4, 2003 production.

2. All "call" notes or records or summaries or outlines of any visits to, or payments made by anyone, on behalf of Defendants (including any sales representatives, employees, PSRs or contractor of Defendants) relating to Baycol and:

A. Doctor Zucker (and/or his employers, employees, staff, partners or practice group or practice group members);

B. Pacific Care of California

C. Mulliken Medical Group

D. Dr. Raymond Zing (and/or his employers, employees, staff, partners or practice group or practice group members).

**RESPONSE:** Bayer objects that this request is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, documents not related to the prescribing physician in this matter. Bayer further objects that the terms "Doctor Zucker" and "Dr. Raymond Zing" are

vague and ambiguous. For purposes of responding to this document request, Bayer will assume that the name "Dr. Raymond Zing" is misspelled and should be "Dr. Raymond Jing." Subject to and without waiving its specific objections or those stated in paragraphs 1 – 10 of its preliminary statement and general objections herein, Bayer has previously produced detailing information as required by PTO 149. Bayer will produce additional documents responsive to this request, if any, relative to the prescribing physician, Dr. Jing.

3. All documents concerning or relating to Julius Hughes or his family or any of the prescribing or treating doctors of Julius Hughes.

**RESPONSE:** Bayer objects that this request is overly broad, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific objections or those stated in paragraphs 1 – 10 of its preliminary statement and general objections herein, Bayer states that it has previously produced a copy of the adverse event report relative to Julius Hughes responsive to this request at BAYCORP04659249 – 50 and BAYCORP03173570D – 71D, and will produce communications regarding such report, if any. Bayer will further produce, at

Plaintiff's expense, a copy of all medical and pharmacy records in its possession concerning Julius Hughes.

4. All documents provided to Doctor Zucker (and/or his employers, employees, staff, partners or practice group or practice group members) by Bayer (including its employees, staff, sales representatives, PSR's, Managed Markets representatives) outlining or summarizing or relating to any risks associated with Baycol.

**RESPONSE:** See the response to Request No. 1, which is incorporated herein by reference.

Dated: June 2, 2006

SIDLEY AUSTIN LLP
555 W. Fifth Street, Suite 4000
Los Angeles, CA 90013

By: ______________________
Catherine Valerio Barrad
Attorneys for Defendant Bayer Corporation

Of Counsel:

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

**CERTIFICATE OF SERVICE**

Copies of the foregoing were sent on this 2nd day of June, 2006 via electronic mail and U.S. mail to:

William M. Audet
waudet@alexanderlaw.com
Alexander, Hawes & Audet, LLP
152 N. Third St., #600
San Jose, CA 95112

Deanna D. Dailey, Esq.
ddailey@larsonking.com
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

**Attorneys for Plaintiffs**

Kathryn L. Connelly, Esq.
kathryn.connelly@dechert.com
DECHERT LLP
Cira Center
2929 Arch Street
Philadelphia, Pennsylvania 19104-2857

Thomas M. Moore, Esq.
Mario Horwitz, Esq.
thomas.moore@dbr.com
mario.horwitz@dbr.com
DRINKER BIDDLE & REATH LLP
333 South Grand Avenue, Suite 1700
Los Angeles, California 90071-2300

**Counsel for Defendant SmithKline Beecham Corporation dba GlaxoSmithKline**

# Exhibit E

213.896.6055

---

**From:** Joshua Ezrin [mailto:jezrin@alexanderlaw.com]
**Sent:** Friday, June 02, 2006 4:56 PM
**To:** Friedman, Kenneth E.; Bill Audet; ddailey@larsonking.com; kathryn.connelly@dechert.com; thomas.moore@dbr.com; mario.horwitz@dbr.com; baycoldep@dechert.com
**Subject:** Julius Hughes v. Bayer Corp., et al., Case No. 02-0058.

Dear Kenneth:

We received the Response of Defendant Bayer Corporation And Bayer AG to Plaintiff Julius Hughes' Request for Production of Documents (Request No. 1). The responses contained therein are wholly deficient in that they fail to properly identify and/or produce all responsive documents.

To avoid any unnecessary judicial intervention, please call me at your earliest convenience to meet-and-confer over Defendant's deficient responses. I look forward to speaking with you soon.

Sincerely,

**Joshua C. Ezrin, Esq.**
Alexander, Hawes & Audet, LLP.
221 Main Street, Suite 1460
San Francisco, California 94105
Telephone: 415.982.1776
Facsimile: 415.576.1776
jezrin@alexanderlaw.com

---

**From:** Friedman, Kenneth E. [mailto:KFriedma@Sidley.com]
**Sent:** Friday, June 02, 2006 4:09 PM
**To:** Bill Audet; Joshua Ezrin; ddailey@larsonking.com; kathryn.connelly@dechert.com; thomas.moore@dbr.com; mario.horwitz@dbr.com; baycoldep@dechert.com
**Cc:** Friedman, Kenneth E.
**Subject:** Baycol Discovery

Attached please find Bayer discovery responses in the matter of Julius Hughes v. Bayer Corp., et al., Case No. 02-0058.

<<Untitled.pdf>>
Ken Friedman
Sidley Austin LLP
213.896.6055

Sidley Austin LLP mail server made the following annotations on 06/02/06, 18:05

---

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, that, unless expressly stated otherwise, any U.S. federal tax advice contained communication, including attachments, was not intended or written to be used, a used, by any taxpayer for the purpose of avoiding any penalties that may be imp taxpayer by the Internal Revenue Service. In addition, if any such tax advice to by other parties in promoting, marketing or recommending any partnership or

investment plan or arrangement, then (i) the advice should be construed as writ
with the promotion or marketing by others of the transaction(s) or matter(s) ad
communication and (ii) the taxpayer should seek advice based on the taxpayer's
circumstances from an independent tax advisor.

*******************************************************************************
This e-mail is sent by a law firm and may contain information that is privilege
If you are not the intended recipient, please delete the e-mail and any attachm
immediately.

*******************************************************************************

Sidley Austin LLP mail server made the following annotations on 06/07/06, 12:14:36:

---

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we in
that, unless expressly stated otherwise, any U.S. federal tax advice contained in th
communication, including attachments, was not intended or written to be used, and ca
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed
taxpayer by the Internal Revenue Service. In addition, if any such tax advice is us
to by other parties in promoting, marketing or recommending any partnership or other
investment plan or arrangement, then (i) the advice should be construed as written i
with the promotion or marketing by others of the transaction(s) or matter(s) address
communication and (ii) the taxpayer should seek advice based on the taxpayer's parti
circumstances from an independent tax advisor.

*******************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or
If you are not the intended recipient, please delete the e-mail and any attachments
immediately.

*******************************************************************************

# Exhibit F

**From:** Friedman, Kenneth E. [mailto:KFriedma@Sidley.com]
**Sent:** Wed 6/7/2006 10:17 AM
**To:** Joshua Ezrin
**Subject:** RE: Julius Hughes v. Bayer Corp., et al., Case No. 02-0058.

Dear Joshua,

I have been assured that the document collection is almost complete. As agreed in the Responses, I will forward them to you shortly.

Ken Friedman
Sidley Austin LLP

6/28/2006

# Exhibit G

Alexander, Hawes & Audet, LLP
Counselors-at-law

221 MAIN STREET SUITE 1460
SAN FRANCISCO, CA 94105
TELEPHONE: 415.982.1776
FACSIMILE: 415.576.1776
www.alexanderlaw.com

San Jose Office
152 North Third Street, Suite 600
San Jose, CA 95112
TELEPHONE: 408.289.1776
FACSIMILE: 408.287.1776

New York Office
THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 930
NEW YORK, NY 10279-0997
TELEPHONE: 212.941.9933
FACSIMILE: 212.941.9934

June 8, 2006

**VIA FACSIMILE & U.S MAIL**
Kenneth Friedman, Esq.
Sidley Austin, LLP
555 West Fifth Street
Los Angeles, CA 90013

Re: *Julius Hughes v. Bayer Corp., et al., Case No. 02-0058*

Dear Kenneth:

We received Bayer's subpoenas in the above-referenced case for Dr. Louis Zucker, Dr. Raymond Jing, Terry Hughes and Christine Hughes. Additionally, we received Bayer's wholly deficient response to Plaintiff's Request for Production of Documents (Request No. 1). Please accept this letter as Plaintiff's good faith attempt to meet-and-confer regarding the above-referenced discovery disputes.

**Defendant's Deposition Subpoenas:**

To begin with, it is disappointing that your office made no effort whatsoever to meet-and-confer over the above-mentioned depositions. Nonetheless, our office will contact Terry and Christine Hughes to determine their availability on the dates designated in their respective subpoenas. We do insist, however, that all contact with Plaintiff's family members be conducted directly through our office.

Given the lack of dispositive information that the testimony of Plaintiff's family members will offer on the issue of causation, it appears that Bayer is attempting to take their depositions merely to harass, annoy and burden Plaintiff. Absent a legitimate basis for proceeding at this time, we propose that these depositions occur, if at all, after any dispositive motions have been ruled upon.

Additionally, please be advised that we have a conflict on the week of July 9, 2006, the date of Dr. Jing's deposition. I would have informed you of this fact had you made any effort to discuss the scheduling of these depositions with my office. We must therefore request that you reschedule the deposition, and I would be happy to discuss alternate dates/times at your earliest convenience.

Finally, we have not yet received any of documents pertaining to either Dr. Jing or Dr. Zucker (see Defendant's Deficient Response to Plaintiff's Request for Production of Documents infra). Be advised, if Bayer fails to produce all such documents at least 14 days prior to either of the doctors' deposition dates, Plaintiff will be forced to seek a protective order to delay the deposition(s) until such documents are produced, and Plaintiff's counsel are afforded a reasonable opportunity to review such documents.

**Sales Representative Depositions:**

As you know, Plaintiff served Notices of Deposition on May 26, 2006, for Ross Delmendo and Tooanh Nguyen. Your office represented that Ms. Nguyen is no longer an employee of Bayer, and that your office has been unable to contact her. To date, we have also been unable to contact Ms. Nguyen. Nonetheless, we intend to proceed with Mr. Delmendo's deposition on June 22, 2006.

Additionally, Plaintiff intends to notice the depositions of the following sales representatives and managers: Mercedes R. Cain, Stanley Smith, Patrina Stewart, and the Regional Sales Manager during the time period that the aforementioned sales representatives detailed Plaintiff's physicians. Please provide us with proposed deposition dates for each of the individuals identified above, and provide the name(s) of the Regional Sales Manager(s), no later than June 12, 2006, or we will be forced to unilaterally notice the depositions. We expect each deposition to last approximately four (4) hours.

**Defendant's Deficient Response to Plaintiff's Request for Production of Documents (Request No. 1):**

Defendant's response to Plaintiff's Request for Production of Documents (Request No. 1) is wholly deficient in that it fails to properly identify or produce any responsive documents.

In its response to Request Nos. 1, 2, 3 and 4, Bayer claims that responsive documents have already been produced as required by PTO 149. However, Bayer fails to provide any further information regarding such production(s). Plaintiff requests that any/all responsive documents be re-produced directly to the offices of Alexander, Hawes & Audet, LLP, no later than June 14, 2006.

In its response to Request No. 2, Bayer states that it will produce additional responsive documents relative to the prescribing physician. However, Bayer does not indicate when, where or how any such production will occur. Plaintiff requests that any/all responsive documents be produced directly to the offices of Alexander, Hawes & Audet, LLP, no later than June 14, 2006.

As you know, discovery is intended to be a two-way street. To date, Plaintiff has made every effort to comply with his discovery obligations. Plaintiff requests that Bayer endeavor to provide the above-referenced information/documents no later than June 14, 2006, or Plaintiff will be forced to file a Motion to Compel and seek sanctions.

Please feel free to contact me to further discuss any of the issues addressed in this letter. I look forward to hearing from you soon.

Sincerely,

Joshua C. Ezrin

# Exhibit H

**Kevin Thomason**

**From:** Kevin Thomason
**Sent:** Thursday, June 15, 2006 10:51 AM
**To:** 'Friedman, Kenneth E.'
**Cc:** Joshua Ezrin
**Subject:** RE: deposition schedule - Baycol

Ken,

If that letter was in response to my email and phone calls, it should have been directed toward me to avoid any possible confusion.

Would you be so kind as to email me a copy of what you sent to Mr. Ezrin?

Thank you in advance.

**Kevin L. Thomason, Esq.**
**Alexander, Hawes & Audet, LLP.**
221 Main Street, Suite 1460
San Francisco, California 94105
Office: 415.982.1776
Cellular: 415.827.1776
Facsimile: 415.576.1776
kthomason@alexanderlaw.com

This electronic mail transmission contains confidential, privileged information intended only for the person(s) named. Any use, distribution, copying or disclosure by any person(s) other than the intended recipient(s) is strictly prohibited, and may be unlawful. If you received this transmission in error, please immediately notify Kevin L. Thomason by telephone at 415.982.1776, or send an electronic mail message to kthomason@alexanderlaw.com and destroy all copies of the original message. Thank you.

**From:** Friedman, Kenneth E. [mailto:KFriedma@Sidley.com]
**Sent:** Thursday, June 15, 2006 10:33 AM
**To:** Kevin Thomason
**Subject:** RE: deposition schedule - Baycol

Please see my letter of yesterday's date to Joshua Ezrin.

Ken Friedman
Sidley Austin LLP
213.896.6055

**From:** Kevin Thomason [mailto:kthomason@alexanderlaw.com]
**Sent:** Wednesday, June 14, 2006 1:25 PM
**To:** Friedman, Kenneth E.
**Subject:** deposition schedule - Baycol

Dear Mr. Friedman,

This email is a follow up to my voice-message I left on your answering machine today.

As you know, Joshua Ezrin from this office wrote to you on June 8, 2006 and requested proposed deposition dates for certain sales representatives & managers in the Hughes v. Bayer "Baycol" case.

Specifically, and as referenced in the June 8 letter, our firm is seeking proposed deposition dates for Mercedes R. Cain, Stanley Smith, Patrina Stewart, and the Regional Sales Manager during the time period that the above sales reps detailed Plaintiff's physicians.

It has been almost a week since that letter, and we have not heard back from you yet. Please do contact me as soon as you can, and let me know what dates will work for the above deponents. You've already had almost a week to get this information, but if you need one more day, that is fine. Just let me know that you need the extra time, otherwise I will be forced by your inaction to send out the depo notices without your input as to time & date.

Please email me, or call me direct at 415.982.1776 x219.

Thank you in advance.

Best regards,

Kevin L. Thomason

**Kevin L. Thomason, Esq.**
**Alexander, Hawes & Audet, LLP.**
221 Main Street, Suite 1460
San Francisco, California 94105
Office: 415.982.1776
Cellular: 415.827.1776
Facsimile: 415.576.1776
kthomason@alexanderlaw.com

---

This electronic mail transmission contains confidential, privileged information intended only for the person(s) named. Any use, distribution, copying or disclosure by any person(s) other than the intended recipient(s) is strictly prohibited, and may be unlawful. If you received this transmission in error, please immediately notify Kevin L. Thomason by telephone at 415.982.1776, or send an electronic mail message to kthomason@alexanderlaw.com and destroy all copies of the original message. Thank you.

Sidley Austin LLP mail server made the following annotations on 06/15/06, 12:30:04:
----------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we in that, unless expressly stated otherwise, any U.S. federal tax advice contained in th communication, including attachments, was not intended or written to be used, and ca used, by any taxpayer for the purpose of avoiding any penalties that may be imposed taxpayer by the Internal Revenue Service. In addition, if any such tax advice is us to by other parties in promoting, marketing or recommending any partnership or other investment plan or arrangement, then (i) the advice should be construed as written i with the promotion or marketing by others of the transaction(s) or matter(s) address communication and (ii) the taxpayer should seek advice based on the taxpayer's parti circumstances from an independent tax advisor.

****************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or If you are not the intended recipient, please delete the e-mail and any attachments

immediately.

*****************************************************************************************

# Exhibit I

SIDLEY AUSTIN LLP
SIDLEY

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
213 896 6000
213 896 6600 FAX

kfriedman@sidley.com
(213) 896-6066

BEIJING BRUSSELS CHICAGO DALLAS GENEVA HONG KONG LONDON LOS ANGELES NEW YORK SAN FRANCISCO SHANGHAI SINGAPORE TOKYO WASHINGTON, DC

FOUNDED 1866

June 14, 2006

**Via Facsimile**
Joshua C. Ezrin
Alexander, Hawes & Audet, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
415-576-1776

Re: *In re Baycol Products Liability Litigation*, MDL No. 1431

Dear Joshua:

I am writing in response to your letter of June 8, 2006.

**Outstanding Deposition Subpoenas:**

We appreciate your willingness to identify available dates for the depositions of Christine and Terry Hughes, and understand from your letter that you would prefer to accept any amended subpoenas on behalf of the Hughes family instead of having them served directly upon the family members. Please let us know if that understanding is incorrect. Further, we are willing to reschedule the depositions of Terry and Christine Hughes for a date of their convenience between June 21 and July 7. In light of the July 31 cutoff for fact discovery, defendants will not continue the depositions until after dispositive motions as you propose. Unless you tell us otherwise, we will act as if the June 30 depositions remain as scheduled.

These fact witness depositions were not noticed to "harass, annoy and burden Plaintiff." To the contrary, they are well within the provisions of PTO 149, which provides that "Defendants are entitled to depose ... any ... person identified by Plaintiff's Fact Sheet." Both Christine and Terry Hughes were identified by plaintiff on his Plaintiff's Fact Sheet. Moreover, plaintiff testified that Christine Hughes is his wife, and that Terry Hughes has lived with him off and on for ten years and has been involved in his medical care, including joining him on a trip to the emergency room. It is evident that, as plaintiff obviously believes, both Christine and Terry Hughes have information relevant to this lawsuit.

With regard to the scheduling of physicians' depositions, defendants give the utmost deference to the doctors' schedules in allowing them to choose dates for their depositions. Although your June 8 correspondence indicated that you were unavailable for the deposition of Dr. Jing, we understand from your correspondence of yesterday that you have resolved that conflict and that the deposition can go forward on July 19th. As to the deposition of Dr. Zucker,

currently scheduled for July 6, 2006, we will be happy to reschedule it to the extent that the doctor's calendars permits, so long as the deposition is completed by July 31.

**Sales Representative Depositions:**

As I previously informed you, Tooanh Nguyen no longer works for Bayer and, despite our efforts, we have not been able to contact her. As is consistent with our practice, we provided you with Ms. Nguyen's last known address on May 30, 2006. Ross Delmendo is also no longer employed by Bayer. Despite that, and in an effort to simplify the discovery process, we successfully contacted him and agreed to represent him in this matter. As I previously informed you, we will assist in coordinating a convenient deposition date for him and will let you know when that is as soon as we are able. Mr. Delmendo has indicated that he has a prior commitment on June 22, but is working with his current employer to find a convenient date.

You have also requested deposition dates for Mercedes Cain, Stanley Smith, and Patrina Stewart. All of these individuals have terminated their employment with Bayer. Unfortunately, despite our efforts, we have been unable to establish contact with and/or representation of any of the three. Their last known addresses are as follows:

Mercedes R. Cain
552 11th Place
Hermosa Beach, CA 90254

Patrina D. Stewart
6511 Lubao Avenue
Woodland Hills, CA 91367

Stanley Smith
6709 La Tijera Blvd., #208
Los Angeles, CA 90045

Your request for the name of, and a deposition date for, the "Regional Sales Manager," is not discovery permitted under PTO 149, which provides the "express limitations" for case-specific fact discovery. Accordingly, we will not be providing that information or making that individual available for deposition.

**Defendants' Responses to Plaintiff's Request for Production of Documents (Request No. 1):**

We disagree that defendants' responses to plaintiff's Requests for Production were deficient. As a preliminary matter, plaintiff's Requests for Production are not authorized by PTO 149 and therefore were improper. Notwithstanding that the discovery is unauthorized, as a matter of courtesy we nevertheless provided responses.

Moreover, the responses identified, in detail, many of the documents previously produced to plaintiffs in this multidistrict litigation. The initial productions consisted of the imaged physical files of numerous people involved in Baycol, including employees who worked

SIDLEY AUSTIN LLP
SIDLEY



in Sales and Marketing, Drug Safety, Regulatory Affairs, Medical Affairs, and Clinical Communications; the Investigational New Drug Application ("IND") submitted to the FDA; the Supplemental New Drug Application ("SNDA") for the 0.8 milligram dose of Baycol submitted through CANDA; over 6 million database records of physician prescribing information; animal and clinical studies related to Baycol; and promotional and sales training materials, including over 100 videotapes. Bayer made numerous supplemental document productions, including the New Drug Application ("NDA") and Supplemental New Drug Applications ("SNDA") related to Baycol; the Regulatory Affairs department files relating to these applications; various database records; and additional documents of Bayer employees. To date Bayer has produced over six million pages of documents and other material to plaintiffs in this litigation. Bayer has also offered to produce its adverse events database, and provided plaintiffs' counsel information regarding arrangements necessary to obtain a license offered by the vendor of the Clintrace database software licensed by Bayer. The responses went so far as to direct you to the specific production date and compact disk on which you would find the previously produced documents you requested.

Notwithstanding that the requests were improper and that Bayer has already produced millions of documents to plaintiff, defendants also agreed to produce certain additional, case-specific documents should any be located. Moreover, on June 7, just one day before your letter, we informed you that a small number of documents had been located, that we were continuing to look for any additional documents, and that the documents would be forwarded shortly. We anticipate that the documents should be ready for production by June 16, 2006.

Finally, notwithstanding that you received the detailing information required by PTO 149 and produced by Bayer on May 26, 2006 – as evidenced by your deposition notices of the sales representatives whose names were included in that information – you demand that Bayer re-produce that information by June 14, 2006. We object to producing documents more than once; however, as a courtesy, that information is included again with this letter.

* * * * *

Bayer has fully complied with its obligations under PTO 149, and has complied with that order in undertaking fact discovery in this case. Pursuant to section I.C.1.b, on March 28, 2006 defendants noticed the deposition of plaintiff Julius Hughes for April 25, 2006; that deposition was later rescheduled to May 15, 2006 at your request and for your convenience. Pursuant to section I.C.1.c, on May 25, 2006, Bayer produced "detailing information for the physician who prescribed Baycol to the Plaintiff." Pursuant to sections I.A.2.a and I.C.1.b & c, on June 6, 2006, Bayer noticed the depositions of two additional fact witnesses (Terry and Christine Hughes) and two physicians (Drs. Jing and Zucker).

In contrast, plaintiff has been noncompliant with PTO 149. Plaintiff demanded information regarding sales representatives and threatened motions to compel regarding this information beginning in mid-April, well before plaintiff's deposition was taken. Plaintiff renewed his threats to move to compel this information even before the fourteen-day period permitted under PTO 149 had passed for Bayer to provide it. Plaintiff has propounded two sets

of document requests and one set of interrogatories on Bayer, notwithstanding that PTO 149 does not permit such fact discovery.

Thus, contrary to your implication otherwise, Bayer has fully complied with its discovery obligations and it is plaintiff who has been noncompliant. Indeed, in an effort to cooperate, defendants have agreed to provide information well beyond what is required by PTO 149. For example, as soon as you requested medical records for your client from us in late March, we explained how to obtain the case-specific medical records directly from our medical records collection agency. That you chose not to obtain the records through that agency does not justify your demand for them in the May 3, 2006 Requests for Production; nevertheless, we have agreed to provide them to you at your expense. The only requests that Bayer has refused are those that attempt to circumvent PTO 149 or to rewrite the order as you would prefer it had been issued.

We remain willing to cooperate within the confines of PTO 149 and, with your similar agreement, discovery in this case will proceed as smoothly as it has in virtually every other Phase I case.

Sincerely,

Kenneth E. Friedman

Enclosures

SIDLEY AUSTIN LLP
SIDLEY

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
(213) 896 6000
(213) 896 6600 FAX

BEIJING GENEVA SAN FRANCISCO
BRUSSELS HONG KONG SHANGHAI
CHICAGO LONDON SINGAPORE
DALLAS LOS ANGELES TOKYO
FRANKFURT NEW YORK WASHINGTON, DC

FOUNDED 1866

## FACSIMILE/TELECOPIER TRANSMISSION

**From:** **Name:** Ken Friedman

**Voice:** 213-896-6000

**To:** **Name:** Joshua Ezrin, Kevin Thomason
**Company:**
**Facsimile#:** 415-576-1776
**Voice Phone:**
**Subject:** Baycol

**Date:** 6/15/2006 **Time:** 1:25:06 PM **No. Pages (Including Cover):** 24

## Message:

* * * * * * * * * * *

IRS CIRCULAR 230 DISCLOSURE: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

* * * * * * * * * * *

***Problems with this transmission should be reported to:***

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY(IES) TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

SIDLEY AUSTIN LLP IS A LIMITED LIABILITY PARTNERSHIP PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN PARTNERSHIPS

SIDLEY AUSTIN LLP
SIDLEY

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
(213) 896 6000
(213) 896 6600 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON
LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
TOKYO
WASHINGTON, DC

FOUNDED 1866

## FACSIMILE/TELECOPIER TRANSMISSION

**From:** **Name:** Ken Friedman

**Voice:** 213-896-6000

**To:** **Name:** Joshua Ezrin
**Company:**
**Facsimile#:** 415-576-1776
**Voice Phone:**
**Subject:**

**Date:** 6/14/2006 **Time:** 5:18:24 PM **No. Pages (Including Cover):** 22

## Message:

* * * * * * * * * * *

IRS CIRCULAR 230 DISCLOSURE: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

* * * * * * * * * * *

***Problems with this transmission should be reported to:***

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY(IES) TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

SIDLEY AUSTIN LLP IS A LIMITED LIABILITY PARTNERSHIP PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN PARTNERSHIPS

**Exhibit J**

SIDLEY AUSTIN LLP
SIDLEY

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
213 896 6000
213 896 6600 FAX

kfriedman@sidley.com
(213) 896-6055

BEIJING
BRUSSELS
CHICAGO
DALLAS
GENEVA
HONG KONG
LONDON
LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
TOKYO
WASHINGTON, DC

FOUNDED 1866

June 15, 2006

**Via U.S. Mail and Email**
Kevin Thomason
Alexander, Hawes & Audet, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
kthomason@alexanderlaw.com

Re: *In re Baycol Products Liability Litigation*, MDL No. 1431

Dear Mr. Thomason:

I am writing in response to your letter of this afternoon. Contrary to your statement, I received two voicemail messages from you. I received one yesterday which I picked up at approximately the same time I received an email from you. As you were requesting information that your colleague, Joshua Ezrin, had already requested, and as I was providing that information to Mr. Ezrin later in the afternoon, I did not feel you needed a redundant response. I faxed the letter to Mr. Ezrin at approximately 5:30 p.m. yesterday and received a confirmation that the fax was successful. As a courtesy, I also returned your email and asked that you refer to the letter for a response.

Today, virtually simultaneously, I received a voicemail from you, an email from you, and an email from Mr. Ezrin stating you had not seen the fax. As a courtesy, I re-faxed the letter, and received a confirmation of a successful fax at approximately 1:30 p.m.

As I stated in the June 14 letter, in regard to "Mercedes R. Cain, Stanley Smith, Patrina Stewart, and the Regional Sales Manager," all of the sale representatives named have terminated their employment with Bayer. Unfortunately, despite our efforts, we have been unable to establish contact with and/or representation of any of the three. Their last known addresses are as follows:

Mercedes R. Cain
552 11th Place
Hermosa Beach, CA 90254

Patrina D. Stewart
6511 Lubao Avenue
Woodland Hills, CA 91367

SIDLEY AUSTIN LLP
SIDLEY



Stanley Smith
6709 La Tijera Blvd., #208
Los Angeles, CA 90045

Your request for the name of, and a deposition date for, the "Regional Sales Manager," is not discovery permitted under PTO 149, which provides the "express limitations" for case-specific fact discovery. Accordingly, we will not be providing that information or making that individual available for deposition.

In an effort to further our communications, in case your fax machine is not working properly, I will send this letter via both email and U.S. mail and attach my June 14 letter.

Sincerely,

Kenneth E. Friedman

Enclosure