# Exhibit K

| NAME | ADDRESS1 | CITY | STATE | ZIPCODE |
|---|---|---|---|---|
| RAYMOND JING, MD | 11539 S. HAWTHORNE BLV | HAWTHORNE | CA | 90250 |

REDACTED

| Field2 | Field3 | Field4 | Field5 | Field6 | Field7 | Field8 | Field9 |
|---|---|---|---|---|---|---|---|
| | | | [illegible] ILLS DRIVE | ROSEVILLE | CA | [illegible] | |

REDACTED

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| RAYMOND | JING | MD | 4314 W SLAUSON AVENUE | LOS ANGELES | CA | 90043 | INTERNAL MEDICINE |

200216697BWH

Bayer

**Pharmaceutical Division**

Bayer Corporation
400 Morgan Lane
West Haven, CT 06516-4175
Phone 203 812-2000

06 Feb 2003

200216697BWH

Renae D. Steiner (for Julius Hughes)
Northstar East
608 Second Avenue South, Suite 700
Minneapolis, MN 55402

Dear Attorney Steiner:

Thank you for your notification regarding the adverse event "injuries (nos)" experienced by your client (JH) who had been treated with Baycol.

To obtain more information concerning this adverse event, Bayer would like you to send us copies of the medical records for your client pertinent to the adverse event. Please submit the items in the enclosed prepaid envelope. Any information you can provide concerning your client's adverse experience will assist us in monitoring the safety of our drugs.

Thank you.

Enclosure: Prepaid envelope

U.S. Postal Service
CERTIFIED MAIL RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

7001 0360 0004 3270 2029

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees

Renae D. Steiner
Northstar East
608 Second Avenue South
Suite 700
Minneapolis, MN 55402

Sent To 200216697BWH
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, January 2001 See Reverse for Instructions

200216697BWH

**Control Number: 200 2 1 6 6 9 7 BWH**

**As Reported Terms (Clinical Events)**

1 ____________________ 8 ____________________
2 ____________________ 9 ____________________
3 ____________________ 10 ____________________
4 ____________________ 11 ____________________
5 ____________________ 12 ____________________
6 ____________________ 13 ____________________
7 ____________________ 14 ____________________

☑ Minimal Data Entry Completed By: MP Date 25 JUN 2002

**FDA Reporting Timelines**

7-Day Fax/Phone ☐ 15-Day NDA ☐ 15-Day IND ☐ Periodic / Not Expeditable ☐

Full Data Entry by: ________ Date ________ Case Evaluated/Closed by: ________ Date ________

**Comments or Information Needed**

**Spontaneous Letters/Clinical Trial Correspondence**

Send Requested Letter to the following Reporter: ____________________

E-mail Copy of S1, S3, SQ1, SQ3 Letters (w/o Medwatch) to William Shank, Sales Ops

Version 14 14 Mar 2002

# Exhibit L

## Kevin Thomason

**From:** Kevin Thomason
**Sent:** Monday, June 19, 2006 4:13 PM
**To:** 'Friedman, Kenneth E.'
**Cc:** Joshua Ezrin
**Subject:** meet & confer re: baycol

Dear Mr. Friedman,

I am in reciept of your June 14, 2006 letter to Mr. Ezrin and your June 15, 2006 letter to myself. It is quite frustrating that it took me several phone calls and emails to get a letter from you that says . . . nothing.

You refused to answer or return any of my 4 phone calls. In addition:

1. You are refusing to provide the name and proposed deposition date for one person (the "regional sales manager").
2. You are refusing to fully provide the prescribing physician documents we have requested.
3. You refused to provide us with proposed deposition dates for Cain, Stewart, Smith & Nguyen.

Furthermore, your June 14 letter to Mr. Ezrin is 4 pages of single-spaced type.

In that letter, you reference PTO 149 at least 10 times, but you do not state specifically what part of PTO 149 permits you to ignore our discovery requests and our offers to meet & confer. Please let me know what part of PTO 149 prohibits Plaintiff's deposition of anyone except detailing reps?

I am certain that if we were just able to talk on the phone for a few minutes, we could clear this up. I would much rather resolve this issue informally.

When might I call you to meet and confer on the above issues?

Regards,

Kevin L. Thomason

**Kevin L. Thomason, Esq.**
**Alexander, Hawes & Audet, LLP.**
221 Main Street, Suite 1460
San Francisco, California 94105
Office: 415.982.1776
Cellular: 415.827.1776
Facsimile: 415.576.1776
kthomason@alexanderlaw.com

This electronic mail transmission contains confidential, privileged information intended only for the person(s) named. Any use, distribution, copying or disclosure by any person(s) other than the intended recipient(s) is strictly prohibited, and may be unlawful. If you received this transmission in error, please immediately notify Kevin L. Thomason by telephone at 415.982.1776, or send an electronic mail message to kthomason@alexanderlaw.com and destroy all copies of the original message. Thank you.

# Exhibit M

SIDLEY AUSTIN LLP
SIDLEY

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
213 896 6000
213 896 6600 FAX

kfriedman@sidley.com
(213) 896-6055

BEIJING
BRUSSELS
CHICAGO
DALLAS
GENEVA
HONG KONG
LONDON
LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
TOKYO
WASHINGTON, DC

FOUNDED 1866

June 21, 2006

**Via U.S. Mail and Email**
Joshua Ezrin
Kevin Thomason
Adel Nadji
Alexander, Hawes & Audet, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
jezrin@alexanderlaw.com
kthomason@alexanderlaw.com
anadji@alexanderlaw.com

Re: *In re Baycol Products Liability Litigation*, MDL No. 1431

Dear Mssrs. Ezrin, Thomason, and Nadji:

I am writing in response to your many letters and email messages. Despite Mr. Thomason's suggestion that we speak telephonically, in light of your pattern of ignoring what Defendants say in correspondence, we feel that it is prudent to speak in a manner that results in a written record. As I have told Mr. Thomason in the past, I received two voicemail messages from him, not four, and have answered every request made.

In regard to Mr. Delmendo's deposition, we informed you on May 30, 2006 that we would discuss convenient times for his deposition and get back to you as soon as we were able. On June 14, 2006, we confirmed with you that Mr. Delmendo was not available on June 22, but that he is working with his current employer to find a convenient date. As he no longer works for Bayer, a deposition notice is not effective as to him. Notwithstanding that, we have asked him to find an agreeable date. If he is not doing that quickly enough for you, perhaps you should subpoena him.

Mr. Thomason is correct that Bayer is refusing to provide the name and a deposition date for the "Regional Sales Manager." As we stated on June 14, that discovery is not permitted under PTO 149, which provides the "express limitations" for case-specific fact discovery.

Mr. Thomason is incorrect that we "are refusing to fully provide the prescribing physician documents [you] have requested." In addition to the millions of documents previously produced, I served additional documents on you on June 16. If there are any you feel are missing, perhaps you should identify them and we can perform further searches.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

Mr. Thomason is correct that we have not provided you proposed dates for Mercedes R. Cain, Stanley Smith, Patrina Stewart, or Tooanh N. Nguyen. As we informed you on June 14 (and May 30 in the case of Tooanh Nguyen), despite our efforts, we have been unable to establish contact with and/or representation of any of them. Thus, we cannot and will not accept service of the subpoenas on their behalf. While we would be happy to suggest dates, we have no better idea than you when is convenient for Bayer's former employees. Please let us know if you effectuate service on the deponents.

Sincerely,

Kenneth E. Friedman

**Exhibit N**

SIDLEY AUSTIN LLP
SIDLEY

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
213 896 6000
213 896 6600 FAX

kfriedman@sidley.com
(213) 896-6055

BEIJING BRUSSELS CHICAGO DALLAS GENEVA HONG KONG LONDON LOS ANGELES NEW YORK SAN FRANCISCO SHANGHAI SINGAPORE TOKYO WASHINGTON, DC

FOUNDED 1866

June 22, 2006

**Via U.S. Mail and Email**
Joshua Ezrin
Kevin Thomason
Adel Nadji
Alexander, Hawes & Audet, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
jezrin@alexanderlaw.com
kthomason@alexanderlaw.com
anadji@alexanderlaw.com

Re: *In re Baycol Products Liability Litigation*, MDL No. 1431

Dear Mssrs. Ezrin, Thomason, and Nadji:

I am writing in response to your June 21 letter. We have not "unilaterally cancelled" Ross Delmendo's deposition. You state that we "have not contested your letter[s] … in which [you] confirmed the June 22nd deposition date." However, we informed you on May 30, 2006 that we would discuss convenient times for his deposition and get back to you as soon as we were able. On June 14, 2006, we confirmed with you that Mr. Delmendo "has a prior commitment on June 22, but is working with his current employer to find a convenient date." He no longer works for Bayer. We have asked him to find an agreeable date. There is nothing we can do force him to find one more quickly. We have not waited until the day before his deposition to tell you this and we are not looking to impede or delay his deposition.

You next purport to unilaterally "cancel" the depositions of Christine Hughes, Terry Hughes, Dr. Jing and Dr. Zucker. While this is an obvious act of retaliation due to our inability to convince Mr. Delmendo to confirm a date for his deposition, these are properly subpoenaed depositions that you cannot "cancel." You do not even represent Dr. Jing or Dr. Zucker, who have agreed to their deposition times and dates. Joshua Ezrin of your office previously confirmed his availability for the depositions, saying only that he had a conflict with Dr. Jing's deposition, which he later resolved. He further confirmed the witness availability for the depositions of Christine and Terry Hughes. Accordingly, these depositions will go forward as we previously agreed and as subpoenaed.

I can state in a declaration under penalty of perjury that I have asked and encouraged Mr. Delmendo to make himself available for a deposition and to provide us with

convenient dates. In fact, I made another attempt today. Are Plaintiff's counsel willing to do the same with your statement that you are unavailable for these four depositions?

Sincerely,

Kenneth E. Friedman

## Kevin Thomason

**From:** Kevin Thomason
**Sent:** Friday, June 23, 2006 2:57 PM
**To:** 'Friedman, Kenneth E.'; Joshua Ezrin; Adel Nadji
**Subject:** RE: Hughes v. Bayer

Ken,

This is exactly why we would like you to call us, instead of insisting that everything be in writing. If you'd returned our calls any time during the last week, we would have discussed this, and you would know that what you got are courtesy copies of our depo subpoenas per the PTO.

We are serving subpoenas on the non-party witnesses, per FRCP – but as a courtesy – we send you copies, too.

I'm certain that one 20 minute phone call would go a long ways toward resolving some of these issues.

Please call us so we can talk about this and avoid any future confusion. There's no reason to make things harder than they need to be. Discovery is supposed to be cooperative, not adversarial. We are trying to be as cooperative as possible to move this forward, but we need your cooperation too.

**Kevin L. Thomason, Esq.**
**Alexander, Hawes & Audet, LLP.**
221 Main Street, Suite 1460
San Francisco, California 94105
Office: 415.982.1776
Cellular: 415.827.1776
Facsimile: 415.576.1776
kthomason@alexanderlaw.com

---

This electronic mail transmission contains confidential, privileged information intended only for the person(s) named. Any use, distribution, copying or disclosure by any person(s) other than the intended recipient(s) is strictly prohibited, and may be unlawful. If you received this transmission in error, please immediately notify Kevin L. Thomason by telephone at 415.982.1776, or send an electronic mail message to kthomason@alexanderlaw.com and destroy all copies of the original message. Thank you.

---

**From:** Friedman, Kenneth E. [mailto:KFriedma@Sidley.com]
**Sent:** Friday, June 23, 2006 1:58 PM
**To:** Joshua Ezrin; Kevin Thomason; Adel Nadji
**Subject:** Hughes v. Bayer

Please see attached.

Ken Friedman
Sidley Austin LLP
213.896.6055

<<Untitled.pdf>>

Sidley Austin LLP mail server made the following annotations on 06/23/06, 15:57:45:

---

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we in that, unless expressly stated otherwise, any U.S. federal tax advice contained in th communication, including attachments, was not intended or written to be used, and ca used, by any taxpayer for the purpose of avoiding any penalties that may be imposed taxpayer by the Internal Revenue Service. In addition, if any such tax advice is us to by other parties in promoting, marketing or recommending any partnership or other investment plan or arrangement, then (i) the advice should be construed as written i with the promotion or marketing by others of the transaction(s) or matter(s) address communication and (ii) the taxpayer should seek advice based on the taxpayer's parti circumstances from an independent tax advisor.

*************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or
If you are not the intended recipient, please delete the e-mail and any attachments
immediately.

*************************************************************************************

# Exhibit O

**Friedman, Kenneth E.**

| | |
|---|---|
| **From:** | Friedman, Kenneth E. |
| **Sent:** | Friday, May 26, 2006 2:02 PM |
| **To:** | 'waudet@alexanderlaw.com'; jezrin@alexanderlaw.com; 'ddailey@larsonking.com'; 'kathryn.connelly@dechert.com'; 'thomas.moore@dbr.com'; 'mario.horwitz@dbr.com'; 'baycoldep@dechert.com' |
| **Cc:** | Friedman, Kenneth E. |
| **Subject:** | Baycol MDL Detailing Information |
| **Attachments:** | Untitled.pdf; Untitled.pdf |

Attached please find the Bayer detailing information in the matter of Julius Hughes v. Bayer Corp., et al., Case No. 02-0058. This information is being produced pursuant to PTO 149 within 14 days of Julius Hughes' deposition, which occurred on May 15, 2006.

Jntitled.pdf (300 KB) Untitled.pdf (25 KB)

Ken Friedman
Sidley Austin LLP
213.896.6055

# MACS Database Report

{Baycol_Calls.LastName}="jing" and{Baycol_Calls.FirstName}startswith"r" and {Baycol_Calls.State}="ca" and{Baycol_Calls.CallDate}<=CDateTime (2001,08,06)

**Rep Information:** **Mercedes R Cain**

## Call Information

| Name | Address | City, State and Zip | Call Dates |
|---|---|---|---|
| Raymond Jing | 11539 S. Hawthorne Blvd. | Hawthorne, CA 90250 | 04/07/1999 |
| Raymond Jing | 11539 S. Hawthorne Blvd. | Hawthorne, CA 90250 | 06/03/1999 |

Bayer MDL Rep
002859

# MACS Database Report

{Baycol_Calls.LastName}="jing" and{Baycol_Calls.FirstName}startswith"r" and {Baycol_Calls.State}="ca" and{Baycol_Calls.CallDate}<=CDateTime(2001,08,06)

**Rep Information:** **Ross Delmendo**

## Call Information

| Name | Address | City, State and Zip | Call Dates |
|---|---|---|---|
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 08/31/1999 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 10/27/1999 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 10/29/1999 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 11/05/1999 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 11/25/1999 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 12/03/1999 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 12/15/1999 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 01/10/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 01/19/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 02/01/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 02/29/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 04/04/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 04/13/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 05/09/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 05/26/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 06/15/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 06/30/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 07/25/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 08/18/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 09/08/2000 |

# MACS Database Report

{Baycol_Calls.LastName}="jing" and{Baycol_Calls.FirstName}startswith"r" and {Baycol_Calls.State}="ca" and{Baycol_Calls.CallDate}<=CDateTime(2001,08,06)

**Rep Information:** Ross Delmendo

## Call Information

| Name | Address | City, State and Zip | Call Dates |
|---|---|---|---|
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 09/15/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 09/20/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 10/06/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 10/16/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 10/24/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 11/07/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 11/13/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 12/04/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 12/19/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 01/03/2001 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 01/09/2001 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 01/26/2001 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 02/02/2001 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 02/13/2001 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 02/23/2001 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 03/08/2001 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 04/06/2001 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 04/17/2001 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 05/04/2001 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 05/21/2001 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 06/14/2001 |

# MACS Database Report

{Baycol_Calls.LastName}="jing" and{Baycol_Calls.FirstName}startswith"r" and {Baycol_Calls.State}="ca" and{Baycol_Calls.CallDate}<=CDateTime (2001,08,06)

**Rep Information:** **Ross Delmendo**

## Call Information

| Name | Address | City, State and Zip | Call Dates |
|---|---|---|---|
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 06/20/2001 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 07/09/2001 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | 07/19/2001 |

Bayer MDL Rep
002862

# MACS Database Report

{Baycol_Calls.LastName}="jing" and{Baycol_Calls.FirstName}startswith"r*" and {Baycol_Calls.State}="ca" and{Baycol_Calls.CallDate}<=CDateTime (2001,08,06)

**Rep Information:** Tooanh N Nguyen

## Call Information

| Name | Address | City, State and Zip | Call Dates |
|---|---|---|---|
| Raymond Jing | 11539 S. Hawthorne Blvd | Hawthorne, CA 90250 | 04/17/1998 |
| Raymond Jing | 11539 S. Hawthorne Blvd | Hawthorne, CA 90250 | 08/19/1998 |
| Raymond Jing | 11539 S. Hawthorne Blvd | Hawthorne, CA 90250 | 12/10/1998 |
| Raymond Jing | 11539 S. Hawthorne Blvd | Hawthorne, CA 90250 | 03/29/1999 |
| Raymond Jing | 11539 S. Hawthorne Blvd | Hawthorne, CA 90250 | 04/30/1999 |
| Raymond Jing | 11539 S. Hawthorne Blvd | Hawthorne, CA 90250 | 06/25/1999 |

Bayer MDL Rep
002863

# MACS Database Report

{Baycol_Calls.LastName}="jing" and{Baycol_Calls.FirstName}startswith"r" and {Baycol_Calls.State}="ca" and{Baycol_Calls.CallDate}<=CDateTime (2001,08,06)

**Rep Information:** **Stanley Smith**

## Call Information

| Name | Address | City, State and Zip | Call Dates |
|---|---|---|---|
| Raymond Jing | 11539 S. Hawthorne Blvd. | Hawthorne, CA 90250 | 05/01/2000 |

Bayer MDL Rep
002864

# MACS Database Report

{Baycol_Calls.LastName}="jing" and{Baycol_Calls.FirstName}startswith"r" and {Baycol_Calls.State}="ca" and{Baycol_Calls.CallDate}<=CDateTime (2001,08,06)

**Rep Information:** Patrina D Stewart

## Call Information

| Name | Address | City, State and Zip | Call Dates |
|---|---|---|---|
| Raymond Jing | 11539 S. Hawthorne Blvd. | Hawthorne, CA 90250 | 06/30/1999 |

Bayer MDL Rep
002865

# MACS Database Report

{Baycol_Samples.LastName}="jing" and {Baycol_Samples.FirstName}startswith "r" and {Baycol_Samples.State}="ca" and {Baycol_Samples.CDate}<=CDateTime (2001,08,06)

**Rep Information:** Ross Delmendo

## Sample Information

| Name | Address | City, State and Zip | Sample | Quantity | Sample Dates |
|---|---|---|---|---|---|
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | BAYCOL .4MG 7S | 12 | 08/31/1999 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | BAYCOL .4MG 7S | 12 | 12/15/1999 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | BAYCOL .4MG 7S | 12 | 01/19/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | BAYCOL 0.8MG 7S | 12 | 12/04/2000 |
| Raymond Jing | 4314 W. Slauson Avenue | Los Angeles, CA 90043 | BAYCOL .4MG 7S | 24 | 12/04/2000 |

Bayer MDL Rep
002866

# MACS Database Report

{Baycol_Samples.LastName}="jing" and {Baycol_Samples.FirstName}startswith "r" and {Baycol_Samples.State}="ca" and {Baycol_Samples.CDate}<=CDateTime (2001,08,06)

**Rep Information:** Tooanh N Nguyen

## Sample Information

| Name | Address | City, State and Zip | Sample | Quantity | Sample Dates |
| --- | --- | --- | --- | --- | --- |
| Raymond Jing | 11539 S. Hawthorne Blvd | Hawthorne, CA 90250 | Baycol 12s .3mg | 12 | 04/30/1999 |

Bayer MDL Rep
002867

PROFESSIONAL NAME (Last, First, Middle)
JING, RAYMOND
INSTITUTION NAME

STREET ADDRESS
4814 N SLAUSON AVE
SUITE # / FLOOR #

CITY: LOS ANGELES | ST: CA | ZIP CODE: 90048
DEA NUMBER: 005-1475-059

Bayer Corporation
Pharmaceutical Division
400 Morgan Lane
West Haven, CT 06516

PRINT DATE 02-03-98

TERR. # NCCCT | EMPLOYEE ID 029314
DATE 04/30/99

| PROD # | PRODUCT DES | QTY | PROD # | PRODUCT DES | QTY |
|---|---|---|---|---|---|
| 81 | PRECOSE 25 MG | | | | |
| 28 | CIPRO 250MG 2'S | | 10 | BAYCOL 0.3MG SAMPLER | |
| 32 | CIPRO 750MG 2'S | | 30 | CIPRO 500MG 2'S | 24 |
| 11 | BAYCOL 4'S | 12 | | | |

I, A LICENSED PRACTITIONER, REQUESTED AND RECEIVED THE PACKAGED QUANTITIES SHOWN ON THIS DOCUMENT OF THE PRODUCTS INDICATED.

X
LICENSED PRACTITIONER SIGNATURE
TOP COPY-BAYER MIDDLE COPY-REPRESENTATIVE BOTTOM COPY-LICENSED PRACTITIONER

30100148

CONTROL ID # 731-16-336

PROFESSIONAL NAME (Last, First, Middle): JING, RAYMOND

INSTITUTION NAME:

STREET ADDRESS: 4374 W. FLAUSON AVE.

SUITE # / FLOOR #:

CITY: LOS ANGELES ST: CA ZIP CODE: 90043

MEDICAL NUMBER:

ECN #

Bayer — Bayer Corporation, Pharmaceutical Division, 400 Morgan Lane, West Haven, CT 06516

PRINT DATE: 07/20/1999

231444A

I certify that I am currently licensed with the appropriate state authorities

CONTROL ID # 023-45-092

TERR. #: GITBA EMPLOYEE ID #: 019128

PROF. TITLE: ☐ MD ☐ DO ☐ GPM ☐ PA ☐ NP DATE: 8/31/99

| PROD # | PRODUCT DES. | QTY | PROD # | PRODUCT DES. | QTY |
|---|---|---|---|---|---|
| 61 | PRECOSE 25 MG 1's | | 10 | BAYCOL 0.3 MG SAMP 1's | |
| 28 | CIPRO 250 MG 2's | | 30 | CIPRO 500 MG 2's | |
| 32 | CIPRO 750 MG 2's | | 15 | ADALAT CC 30MG 7'S | |
| 11 | BAYCOL 0.3 CTN 7's | | 16 | ADALAT CC 60MG 7'S | 12 |
| 12 | BAYCOL 0.4MG 7's | 12 | | | |

I, A LICENSED PRACTITIONER, REQUESTED AND RECEIVED THE PACKAGED QUANTITIES SHOWN ON THIS DOCUMENT FOR THE PRODUCTS INDICATED.

X [signature]

LICENSED PRACTITIONER SIGNATURE

TOP COPY-BAYER MIDDLE COPY-REPRESENTATIVE BOTTOM COPY-LICENSED PRACTITIONER

Bayer MDL Rep
002869

PROF. TITLE [X] MD [ ] DO [ ] DMD [ ] PA [ ] NP

PROFESSIONAL NAME (Last, First, Middle): JING, RAYMOND

INSTITUTION NAME:

STREET ADDRESS: 11539 S. HAWTHORNE BLVD.

SUITE # / FLOOR #:

CITY: HAWTHORNE ST: CA ZIP CODE: 90250

SLE DEA NUMBER: 0051475059

NUMBER: 2417586R

BAYER # 815-40-996

I, A LICENSED PRACTITIONER, CERTIFY THAT I AM CURRENTLY LICENSED WITH THE APPROPRIATE STATE AUTHORITIES TO REQUEST AND RECEIVE SAMPLES. I HAVE REQUESTED AND RECEIVED THE PACKAGED QUANTITIES SHOWN ON THIS DOCUMENT FOR THE PRODUCTS INDICATED.

X [signature]
LICENSED PRACTITIONER SIGNATURE

TERR # BITBA

EMPLOYEE # 019128

DATE 12 - 15 - 1999 (MM DD YYYY)

| PROD # | PRODUCT DES | QTY | PROD # | PRODUCT DES | QTY |
|---|---|---|---|---|---|
| 15 | ADALAT CC 30 MG 7S | | 28 | CIPRO 250 MG 2S | |
| 16 | ADALAT CC 60 MG 7S | | 30 | CIPRO 500 MG 2S | 12 |
| 11 | BAYCOL 0.3 CTN 7S | | 32 | CIPRO 750 MG 2S | |
| 12 | BAYCOL 0.4 CTN 7S | 12 | 61 | PRECOSE 25 MG 1S | |
| | | | | | |
| | | | | | |
| | | | | | |

Bayer

Bayer Corporation
Pharmaceutical Division
400 Morgan Lane
West Haven, CT 06516

PRINT DATE 09/13/1999

TOP COPY-BAYER MIDDLE COPY-REPRESENTATIVE BOTTOM COPY-LICENSED PRACTITIONER

Bayer MDL Rep.
002870

PROF. TITLE [X] MD [ ] DO [ ] DPM [ ] PA [ ] NP

PROFESSIONAL NAME (Last, First, Middle): JING, RAYMOND

INSTITUTION NAME:

STREET ADDRESS: 4314 W. SLAUSON AVENUE

SUITE # / FLOOR #:

CITY: LOS ANGELES | ST: CA | ZIP CODE: 90043

MEDICAID NUMBER: 0051475059

DEA NUMBER: 2417444H

BAYER # 815-40-611

I, A LICENSED PRACTITIONER, CERTIFY THAT I AM CURRENTLY LICENSED WITH THE APPROPRIATE STATE AUTHORITIES TO REQUEST AND RECEIVE SAMPLES. I HAVE REQUESTED AND RECEIVED THE PACKAGED QUANTITIES SHOWN ON THIS DOCUMENT FOR THE PRODUCTS INDICATED.

X

LICENSED PRACTITIONER SIGNATURE

TERR. # BITBA

EMPLOYEE # ID 019128

DATE 1 - 19 - 2000 (MM DD YYYY)

| PROD # | PRODUCT DESCRIPTION | QTY | PROD # | PRODUCT DESCRIPTION | QTY |
|---|---|---|---|---|---|
| 15 | ADALAT CC 30 MG 7S | | 28 | CIPRO 250 MG 2S | 12 |
| 16 | ADALAT CC 60 MG 7S | | 30 | CIPRO 500 MG 2S | 24 |
| 11 | BAYCOL 0.3 CTN 7S | | 32 | CIPRO 750 MG 2S | |
| 12 | BAYCOL 0.4 CTN 7S | 12 | 61 | PRECOSE 50 MG 1s | |
| | | | | | |
| | | | | | |
| | | | | | |

Bayer Corporation
Pharmaceutical Division
400 Morgan Lane
West Haven, CT 06516

PRINT DATE 09/13/1999

TOP COPY-BAYER MIDDLE COPY-REPRESENTATIVE BOTTOM COPY-LICENSED PRACTITIONER

Bayer MDL Rep
002871

PROF TITLE [X] MD [ ] DO [ ] DPM [ ] PA [ ] NP [ ] OTHER

PROFESSIONAL NAME (Last, First, Middle)
JING, RAYMOND

INSTITUTION NAME

STREET ADDRESS
4314 W. SLAUSON AVENUE

SUITE # / FLOOR #

| CITY | ST | ZIP CODE |
| --- | --- | --- |
| LOS ANGELES | CA | 90043 |

STATE LICENSE #
~~G00464705~~ G 33430

ECH NUMBER
2371916X

Bayer Corporation Pharmaceutical Division 400 Morgan Lane West Haven, CT 06516

PRINT DATE 08/01/2000

840-98-454

TERR. BITBA EMPLOYEE ID # 019128

DATE 12 - 4 - 2000 (MM DD YYYY)

| PROD # | PRODUCT DESCRIPTION | QTY | BATCH/LOT NUMBER |
| --- | --- | --- | --- |
| 16 | ADALAT CC 60 MG 7S | | |
| 05 | AVELOX 400 MG SAMP 7S | 36 | OHDDA |
| 11 | BAYCOL 0.3 MG 7S | | |
| 12 | BAYCOL 0.4 MG 7S | 24 | 0AF13 |
| 13 | BAYCOL 0.4 MG 30S | | |
| 14 | BAYCOL 0.8 MG 7S | 12 | 0FGAT |
| 25 | BAYCOL 0.8 MG 30S | | |
| 28 | CIPRO 250 MG 2S | | |
| 30 | CIPRO 500 MG 2S | | |
| 32 | CIPRO 750 MG 2S | | |
| | | | |
| | | | |

I, A LICENSED PRACTITIONER, CERTIFY THAT I AM CURRENTLY LICENSED WITH THE APPROPRIATE STATE AUTHORITIES TO REQUEST AND RECEIVE SAMPLES. I HAVE REQUESTED AND RECEIVED THE PACKAGED QUANTITIES SHOWN ON THIS DOCUMENT FOR THE PRODUCTS INDICATED.

X [signature]
LICENSED PRACTITIONER SIGNATURE
NOT VALID FOR ...

TOP COPY-BAYER MIDDLE COPY-REPRESENTATIVE BOTTOM COPY-LICENSED PRACTITIONER

Bayer MDL Rep
002872

**CERTIFICATE OF SERVICE**

Copies of the foregoing were sent on this 26th day of May, 2006 via electronic mail to:

William M. Audet
waudet@alexanderlaw.com
Joshua Ezrin
jezrin@alexanderlaw.com
Alexander, Hawes & Audet, LLP
152 N. Third St., #600
San Jose, CA 95112

Deanna D. Dailey, Esq.
ddailey@larsonking.com
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

**Attorneys for Plaintiffs**

Kathryn L. Connelly, Esq.
kathryn.connelly@dechert.com
DECHERT LLP
Cira Center
2929 Arch Street
Philadelphia, Pennsylvania 19104-2857

Thomas M. Moore, Esq.
Mario Horwitz, Esq.
thomas.moore@dbr.com
mario.horwitz@dbr.com
DRINKER BIDDLE & REATH LLP
333 South Grand Avenue, Suite 1700
Los Angeles, California 90071-2300

**Counsel for Defendant SmithKline Beecham Corporation dba GlaxoSmithKline**

**Friedman, Kenneth E.**

---

**From:** administrator@sidley.com
**Sent:** Friday, May 26, 2006 2:00 PM
**To:** Friedman, Kenneth E.
**Subject:** Delivery Notification - Message successfully relayed.

**Attachments:** ATT338237.txt; ATT338238.txt

ATT338237.txt (604 B) ATT338238.txt (2 KB)

The following recipients have been successfully relayed.
<waudet@alexanderlaw.com>
<jezrin@alexanderlaw.com>

Sidley Austin LLP mail server made the following annotations on 05/26/06, 15:59:50:
-----------------------------------------------------------------------------------------------

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this
communication, including attachments, was not intended or written to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such
taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred
to by other parties in promoting, marketing or recommending any partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed as written in connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular
circumstances from an independent tax advisor.

***********************************************************************************************

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

***********************************************************************************************

GENIFAX™ Web Client

**Franchimone, Rosemary**

Inbox Outbox Sent Items

Resend Print Delete

## Message Properties

| | |
|---|---|
| **Job ID:** | 39125 |
| **Sent by:** | kfriedma@sidley.com |
| **Faxed to:** | 415-576-1776 |
| **Status:** | Delivery Successful |
| **Options:** | |
| **BillingCode:** | 20736-41077-10482~10482 KFRIEDMA-- |
| **Priority:** | Normal |
| **Date Submitted:** | 6/14/2006 5:18:21 PM |
| **Pages:** | 22 |
| **Connect Time:** | 00:07:11 |
| **Date Completed:** | 6/14/2006 5:27:03 PM |
| **Attachment(s):** | As Faxed<br>Coverpage , Untitled 2.PDF , Message.rtf |

**Journal**

| Date | Entry |
|---|---|
| 6/14/2006 5:18:22 PM | Dispatch: Fax number normalized to +14155761776 |
| 6/14/2006 5:18:22 PM | Dispatch: Matched rule All fax numbers to Telco on the Server - Created by Connector Wizard |
| 6/14/2006 5:18:22 PM | Dispatch: Processing action for rule "All fax numbers to Telco on the Server - Created by Connector Wizard" |
| 6/14/2006 5:18:22 PM | Compose: Started |
| 6/14/2006 5:18:22 PM | Compose: (localhost - localhost) Document=Untitled |
| 6/14/2006 5:18:22 PM | 2.PDF to G4.TIF |
| 6/14/2006 5:18:23 PM | Compose: (localhost - localhost) Document=Message.rtf to G4.TIF |
| 6/14/2006 5:18:28 PM | Compose: (localhost - localhost) Document=b2be654b-5c26-4486-b51a-c5c39f8b98f9-LAcover11-CP.doc to G4.TIF |
| 6/14/2006 5:18:29 PM | Compose: Completed |
| 6/14/2006 5:18:40 PM | OmtoolConnector: Destination connector accepted message for delivery |
| 6/14/2006 5:27:03 PM | ReQueue - Failed to call: 9,14155761776 from Channel: LAFAX08.Bfax.14, - Final call progress: Dial tone. - ( (The destination number did not answer.)) |
| 6/14/2006 5:27:03 PM | Channel: LAFAX08.Bfax.11 - Successfully delivered to 9,14155761776. |
| 6/14/2006 5:27:03 PM | Dispatch: Fax number normalized to +14155761776 |
| 6/14/2006 5:27:03 PM | Dispatch: Routing complete |
| 6/15/2006 8:51:36 AM | Billing: Successfully wrote billing record |

Resend Print Delete

GENIFAX™ Web Client **Franchimone, Rosemary**

**Inbox** **Outbox** **Sent Items**

Resend Print Delete

## Message Properties

| | |
|---|---|
| **Job ID:** | 39359 |
| **Sent by:** | kfriedma@sidley.com |
| **Faxed to:** | 415-576-1776 |
| **Status:** | Delivery Successful |
| **Options:** | |
| **BillingCode:** | 20736-41077-10482~79300 KFRIEDMA-- |
| **Priority:** | Normal |
| **Date Submitted:** | 6/15/2006 1:25:03 PM |
| **Pages:** | 24 |
| **Connect Time:** | 00:07:46 |
| **Date Completed:** | 6/15/2006 1:33:08 PM |
| **Attachment(s):** | As Faxed<br>Coverpage , Untitled_2.PDF , Message.rtf |

**Journal**

| Date | Entry |
|---|---|
| 6/15/2006 1:25:03 PM | Dispatch: Fax number normalized to +14155761776 |
| 6/15/2006 1:25:03 PM | Dispatch: Matched rule All fax numbers to Telco on the Server - Created by Connector Wizard |
| 6/15/2006 1:25:03 PM | Dispatch: Processing action for rule "All fax numbers to Telco on the Server - Created by Connector Wizard" |
| 6/15/2006 1:25:04 PM | Compose: Started |
| 6/15/2006 1:25:04 PM | Compose: (localhost - localhost) Document=Untitled |
| 6/15/2006 1:25:04 PM | 2.PDF to G4.TIF |
| 6/15/2006 1:25:05 PM | Compose: (localhost - localhost) Document=Message.rtf to G4.TIF |
| 6/15/2006 1:25:09 PM | Compose: (localhost - localhost) Document=c49e2ae0-52d1-4487-88e6-56ddf7a33040-LAcover11-CP.doc to G4.TIF |
| 6/15/2006 1:25:10 PM | Compose: Completed |
| 6/15/2006 1:33:07 PM | OmtoolConnector: Destination connector accepted message for delivery |
| 6/15/2006 1:33:07 PM | Channel: LAFAX08.Bfax.15 - Successfully delivered to 9,14155761776. |
| 6/15/2006 1:33:07 PM | Dispatch: Fax number normalized to +14155761776 |
| 6/15/2006 1:33:08 PM | Dispatch: Routing complete |
| 6/15/2006 1:40:32 PM | Billing: Successfully wrote billing record |

Resend Print Delete

# Exhibit P

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE BAYCOL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 1431 (MJD) |
| This Document Relates to All Actions | ) | Pretrial Order No. 149 |

In order to promote the fair and efficient administration of this litigation, to comply with its continuing obligations as an MDL court, and to ensure that cases are trial-ready prior to remand, the Court enters the following Order establishing the schedule for case-specific discovery. Except as noted herein, PTOs 114, 127 and 131 are superseded by this Order, and the stay set forth in PTO 89 § 6 is lifted. All other prior Pretrial Orders shall remain in full force and effect to the extent that they are consistent with this Order.

Based upon these proceedings and the cases filed with this Court, IT IS HEREBY ORDERED:

## I. CASE-SPECIFIC DISCOVERY

### A. <u>General Principles</u>

1. **Sole and Exclusive Forum for Conducting Case-Specific Discovery.** All case-specific discovery in cases currently docketed or that may in the future be docketed in MDL 1431 and all related actions that have been or will be originally filed in or removed to this Court shall occur under the express limitations set forth below and during the time period permitted herein.

2. **Protocols for Case-Specific Fact Depositions.**

    a. Defendants shall be entitled to depose each Plaintiff, his/her healthcare provider(s), and any other person identified by Plaintiff's Fact Sheet or through collection of Plaintiff's records.

    b. Defendants shall be entitled to depose each Plaintiff for up to seven (7) hours of actual deposition time, absent agreement or further order of this Court upon a showing of good cause. Defendants shall be entitled to depose all other case-specific fact witnesses for up to four (4) hours of actual deposition time, unless Defendants can show a need for additional time to conduct a particular non-party deposition.

    c. Each plaintiff shall be deposed in one of the closest major metropolitan areas in the state, or neighboring state, in which he or she resides. Deposition sites shall be selected so that the depositions of multiple plaintiffs may be conducted at one

site, but so that Plaintiffs are not required to travel long distances to appear for their depositions.

d. Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled deposition, such Plaintiff's claims will be dismissed with prejudice.

e. If a party or its counsel does not intend to appear for a deposition, counsel for that party must provide written notice to the attorney who noticed the deposition at least 24 hours before the deposition is scheduled to commence. Absent a showing of good cause, counsel for a non-appearing party who fails to provide this notice will be liable for the fees of the court reporter.

**3. Procedure for Serving Notice of Case-Specific Fact Depositions.**

a. **Depositions noticed by a Defendants:** Defendant shall serve notice via email and U.S. Mail on all counsel of record listed in PACER and on the PSC through:

Deanna D. Dailey, Esq. (ddailey@larsonking.com)
Larson • King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

Returned receipt of email delivery shall be deemed proof of valid service for purposes of the Federal Rules of Civil Procedure.

b. **Depositions noticed by Plaintiffs:** Plaintiff shall serve notice via email and U.S. Mail on each of the following:

Susan A. Weber, Esq. (baycoldeps@sidley.com)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

Fred T. Magaziner, Esq. (baycoldep@dechert.com)
DECHERT LLP
Circa Centre
2929 Arch Street
Philadelphia, PA 19104-2808

Deanna D. Dailey, Esq. (ddailey@larsonking.com)
Larson • King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

Plaintiff shall also serve notice via email and U.S. Mail on all counsel of record listed in PACER for any defendant other than Bayer or GSK. Returned receipt of email delivery shall be deemed proof of valid service for purposes of the Federal Rules of Civil Procedure.

**B. Plaintiffs' Preliminary Discovery Obligation**

**1. Case-Specific Expert Reports on Injury and Causation.**

a. Plaintiffs who have not previously submitted an expert report pursuant to PTO 114 § I.A. or § I.B.2. or pursuant to PTO 131 shall identify at least one medical expert attesting that Baycol caused Plaintiff to suffer injuries or damages and serve upon defendants a report using the Stipulated Report Form appended to PTO 131. Reports shall be due by the following dates:

| | |
|---|---|
| Phase I (D. Minn. Nos. 01-2383 thru 03-1173) | March 3, 2006 |
| Phase II (D. Minn. Nos. 03-1174 thru 03-3743) | June 1, 2006 |
| Phase III (D. Minn. Nos. 03-3744 thru 04-0413) | August 30, 2006 |
| Phase IV (D. Minn. Nos. 04-0414 thru 05-3015) and any later docketed cases | November 28, 2006 |

b. With respect to Plaintiffs who have not previously submitted an expert report pursuant to PTO 114 § I.A. or § I.B.2. or pursuant to PTO 131, subject to the procedures set forth in PTO 114 §§ IV-VI, which are incorporated herein by reference, the Court shall dismiss with prejudice the claims of any Plaintiff who fails to comply with § I.B.1.a. of this Order.

c. With respect to any expert report submitted prior to this Order pursuant to PTO 114 § I.A. or § I.B.2. or pursuant to PTO 131, Defendants do not stipulate that the report is compliant with Rule 26(a)(2), PTO 114 or PTO 131 and reserve their right to challenge any such report pursuant to the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and case law.

**2. Supplementation of Plaintiff Fact Sheets.**

By the deadlines set forth in § I.B.1.a. of this Order, each Plaintiff also shall supplement his or her Plaintiff Fact Sheet to identify any fact witnesses not previously disclosed to Defendants.

**C. Discovery Deadlines**

**1. Phase I Plaintiffs (D. Minn. Nos. 01-2383 thru 03-1173).**

a. Immediately: Defendants may begin noticing depositions.

b. By March 13, 2006: Depositions of Plaintiffs and other fact witnesses may begin.

c. (1) Within 14 days of completion of a Plaintiff's deposition, Defendants shall serve detailing information for the physician who prescribed Baycol to the Plaintiff. This detailing information shall include the name of the sales representative(s) who called on the prescriber, dates of detailing, and sampling information. (2) Within 30 days thereafter, Plaintiffs shall provide Defendants' counsel with notice of any intent to depose any of the disclosed sales representatives. Such notice shall automatically stay the right of Defendants to depose the prescribing physician for an additional 14 days.

d. By July 31, 2006: Case-specific fact discovery shall be completed, including case-specific fact depositions.

e. By August 30, 2006: Plaintiffs shall serve any supplementation to expert reports submitted pursuant to PTO 114 § I.A. or § I.B.2., PTO 131, or § 1.B.1. of this Order and identify all additional case-specific experts expected to testify at trial and serve Rule 26(a)(2) disclosures for such experts.

f. By September 29, 2006: Depositions of Plaintiffs' case-specific experts shall be completed.

g. By October 30, 2006: Defendants shall identify case-specific experts expected to testify at trial and produce Rule 26(a)(2) disclosures for such experts.

h. By November 29, 2006: Depositions of Defendants' case-specific experts shall be completed.

**2. Phase II Plaintiffs (D. Minn. Nos. 03-1174 thru 03-3743).**

a. On July 31, 2006: Defendants may begin noticing depositions.

b. By August 30, 2006: Depositions of Plaintiffs and other fact witnesses may begin.

c. By January 29, 2007: Case-specific fact discovery shall be completed, including case-specific fact depositions.

d. (1) Within 14 days of completion of a Plaintiff's deposition, Defendants shall serve detailing information for the physician who prescribed Baycol to the Plaintiff. This detailing information shall include the name of the sales representative(s) who called on the prescriber, dates of detailing, and sampling information. (2) Within 30 days thereafter, Plaintiffs shall provide Defendants' counsel with notice of any intent to depose any of the disclosed sales representatives. Such notice shall automatically stay the right of Defendants to depose the prescribing physician for an additional 14 days.

e. By February 28, 2007: Plaintiffs shall serve any supplementation to expert reports submitted pursuant to PTO 114 § I.A. or § I.B.2., PTO 131, or § 1.B.1. of this Order, and identify all additional case-specific experts expected to testify at trial and serve Rule 26(a)(2) disclosures for such experts.

f. By March 30, 2007: Depositions of Plaintiffs' case-specific experts shall be completed.

g. By April 30, 2007: Defendants shall identify case-specific experts expected to testify at trial and produce Rule 26(a)(2) disclosures for such experts.

h. By May 30, 2007: Depositions of Defendants' case-specific experts shall be completed.

**3. Phase III Plaintiffs (D. Minn. Nos. 03-3744 thru 04-0413) and Phase IV Plaintiffs (D. Minn. Nos. 04-0414 thru 05-3015 and any later docketed cases).**

Discovery deadlines for these cases will be set by the Court at a future date, based on experience in managing Phase I and Phase II discovery.

**D. Extensions**

If a Phase I, II or III Plaintiff resides in one of the counties or parishes impacted by Hurricane Katrina or Hurricane Rita, Plaintiff's counsel may submit, within 30 days of entry of this Order, an e-mail to [Chambers Email Box, davis_chambers@mnd.uscourts.gov], with copies to the PSC [Richard Lockridge, ralockridge@locklaw.com] and Defendants [James Mizgala, jmizgala@sidley.com], requesting that such Plaintiff be grouped in Phase IV. Provided that Plaintiff's counsel submits proof of the last known address for Plaintiff, such address is located within one of the counties or parishes impacted by Hurricane Katrina or Rita (as listed in PTO 141), and Plaintiff's counsel attests that s/he has been unable to reach Plaintiff since Hurricane Katrina or Rita occurred, such Plaintiff will be moved to Phase IV. No further extensions will be granted except on a showing of extraordinary circumstances by the Plaintiff.

### E. Service of Case-Specific Rule 26(a)(2) Disclosures

Consistent with § 4 of PTO 12, case-specific Stipulated Form Reports and supplementations to the Plaintiff Fact Sheet (*see supra*, § I.B.) and Rule 26(a)(2) disclosures shall be served on Defendants' counsel:

Susan A. Weber, Esq.
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

And

Fred T. Magaziner, Esq.
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808

Each Plaintiff shall, likewise, serve a copy of his or her case-specific report on:

Deanna D. Dailey, Esq.
Larson • King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

## II. MOTION PRACTICE

### A. Motions Related to Generic Experts

By March 15, 2006, all remaining depositions of generic experts shall be completed. Briefing of *Daubert* and related motions shall proceed on the following schedule:

| | |
|---|---|
| Motions due | April 17, 2006 |
| Oppositions due | May 31, 2006 |
| Replies due | June 21, 2006 |

A hearing date or dates will be set by further order of this Court.

B. **Motions Directed to Multiple Plaintiffs**

Nothing in this Order shall prevent the parties from filing any motion directed to multiple Plaintiffs and/or recurring issues. A briefing schedule for any such motions shall be established following the completion of Phase I case-specific discovery.

C. **Case-Specific Motions**

Nothing in this Order shall prevent the parties from filing any case-specific motions, including but not limited to motions seeking remedies or sanctions against any Plaintiff for failure to serve discovery that complies with PTO 81 or disclosures that comply with Rule 26(a)(2), or dispositive motions, on a case-by-case basis.

## III. VOLUNTARY DISMISSALS

Any Plaintiff who seeks to dismiss his/her claims voluntarily following entry of this Order, and who previously has complied with PTO 81, must dismiss such claims with prejudice.

## IV. MEDIATION

All rhabdomyolysis cases shall be subject to mediation before remand. Counsel representing a Plaintiff with a rhabdomyolysis claim shall inform the PSC when counsel believes that case-specific discovery is completed. The PSC and Defendants shall meet and confer periodically to develop stipulated lists of claims that are ready to be referred to mediation pursuant to PTO 59 § 6. Such lists shall be submitted to the Court, after which time dates for mediation will be set.

## V. AUTHENTICATION

The Plaintiffs' Steering Committee shall submit to Defendants on or before April 3, 2006, a list of documents, by production number, that the PSC anticipates will be used in cases set for trial after remand. By June 30, Defendants shall provide the PSC with stipulations identifying those documents as to which authentication will not be disputed.

## VI. ROLLING REMAND OF CASES

No case shall be eligible for remand to its transferor court unless:

- Plaintiff's Fact Sheet is substantially complete and all identified deficiencies have been corrected;
- Plaintiff has executed all appropriate authorizations, including HIPAA-compliant authorizations, as requested by defendants;
- Case-specific fact and expert discovery has been completed;
- The Court has ruled upon *Daubert* motions directed to generic experts and any additional pending motions affecting the case; and

- For a rhabdomyolysis case, mediation has been conducted pursuant to § IV, *supra*, and PTO 59.

Schedules and procedures for designation of cases eligible for remand, on a rolling basis, shall be established by further order of the Court.

February _____, 2006

_______________________________________

Honorable Michael J. Davis
United States District Judge

# Exhibit Q


May 3
Plaintiff serves RFPs on Defendant. Ex. A
May 26
Plaintiff serves Depo Notices on Nguyen & Delmendo. Ex. B
May 30
Defense counsel Friedman states he is representing Delmendo. Promises to check to see if Plaintiff's June 22 depo date will work. Ex. C
June 2
Plaintiff asks for documents and for meet and confer. Ex. E
June 2
Defendant replies to RFP, but produces nothing. Ex. D
June 7
Friedman emails us that document collection "almost complete." Ex. F
June 8
Plaintiff again asks for documents, confirmation of Delmendo June 22 depo date. Also asks for name of Regional Sales Manager. Asks for meet and confer. Ex. G
June 15
Plaintiff again asks for documents, confirmation of Delmendo June 22 depo date. Also asks for name of Regional Sales Manager. Asks for meet and confer. Ex. H
June 15
Friedman states that Delmendo has conflict with June 22 depo date, that PTO 149 bars deposition of Sales Manager, and PTO 149 bars written discovery. Ex. I
June 15
Friedman reiterates his "June 14" letter and again refuses to produce Regional Sales Manager. Ex. J
June 16
Friedman produces 6 pages of mostly blank documents. Ex. K
June 19
Plaintiff again asks for documents, confirmation of Delmendo June 22 depo date. Also asks for name of Regional Sales Manager. Asks for meet and confer. Ex. L
June 21
Friedman suggests we "subpoena" Delmendo. Refuses to talk on phone. Ex. M

# Exhibit R

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : MDL No. 1431 (MJD) |
| This Document Relates to: | : |
| *Julius Hughes, et al. v. Bayer Corp., et al.* | : Case No. 02-0058 |

**RESPONSE OF DEFENDANTS BAYER CORPORATION AND BAYER AG TO PLAINTIFF JULIUS HUGHES' INTERROGATORIES**

PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1. Bayer Corporation and Bayer AG (collectively "Bayer Defendants" or "Bayer") object to Plaintiff's Interrogatories because those written discovery requests are outside the scope of case-specific discovery allowed by Pretrial Order 149, the terms of which govern "all actions" that are part of the above-referenced Multi-District Litigation, including this matter.

Specifically, Section I.A.1. of Pretrial Order 149 provides:

**I. CASE-SPECIFIC DISCOVERY**

**A. General Principles**

**1. Sole and Exclusive Forum for Conducting Case-Specific Discovery**. All case-specific discovery in cases

> currently docketed or that may in the future be docketed in MDL 1431 and all related actions that have been or will be originally filed in or removed to this Court shall occur under the express limitations set forth below and during the time periods permitted herein.

Although Pretrial Order 149 includes numerous provisions defining the scope of allowable case-specific discovery, there is no provision allowing the service of case-specific written discovery by any party. For this reason, the Bayer Defendants object to the Interrogatories served by Plaintiff in this matter in its entirety. Moreover, the Bayer Defendants object to the Interrogatories served by Plaintiff insofar as it seeks duplicative information previously produced pursuant to section I.C.1.c.(1) of PTO 149.

Finally, Bayer AG further objects to each interrogatory or request to the extent it seeks information and/or documents relative to sales representatives employed by Bayer Corporation, including, without limitation, information relative to contacts by such representatives with the prescribing physician(s) in this case.

2. As Bayer has not completed their investigation of this matter, given the extensive number of documents and electronic data that must be reviewed, responses are provided herein without prejudice to Bayer's right to amend or supplement the same.

3. Bayer objects to this discovery to the extent that it seeks to discover information that is protected by the attorney-client privilege, joint defense privilege, the attorney work-product doctrine, discovery exemptions afforded consulting experts, or as trial preparation material or by any other applicable privilege or protection afforded by common law, statutory law, constitutional law or otherwise.

4. Bayer objects to any and all interrogatories or requests to the extent that they seek confidential financial, trade secret or other business information, medical histories, personnel records or health histories without the protection of an acceptable form of stipulation and protective order adequate to preserve the confidentiality of such information.

5. Bayer objects to any and all interrogatories or requests to the extent that they seek information or the identification of documents, writings, records, or publications in the public domain since such information is equally available to the plaintiffs.

6. Bayer objects to any and all interrogatories or requests to the extent that they are overly broad, unduly burdensome, are not specific as to time, seek irrelevant information, are not stated with reasonable particularity, and are not reasonably calculated to lead to the discovery of admissible evidence.

7. Bayer objects to the definitions contained in these requests to the extent that they purport to expand, enlarge or alter its obligations under the applicable Rules of Civil Procedure.

8. Bayer hereby incorporates its objections set forth above into each of the following responses.

INTERROGATORIES

1. Identify any and all detail persons, sales representatives, sales agents, or other employees of the Defendant that communicated with Dr. Raymond Jing, and/or his/her partners, staff, employees, practice group or affiliated clinic regarding Baycol and/or any statin during the period January 1, 1998 to the present.

**RESPONSE: Subject to and without waiving its objections in paragraphs 1-8 of its general objections herein, Bayer states that its records reflect that the following Bayer sales representatives had Baycol-related marketing contacts with Dr. Raymond Jing during the time period of January 1, 1998 until the date of the plaintiff's last known prescription, 8/6/2001.: Ross Delmondo; Mercedes R. Cain; Tooanh N. Nguyen; Stanley Smith; and Patrina D. Stewart.**

2. Identify whether samples, coupons, or other items allowing for "free"

prescriptions of Baycol where provided to Dr. Raymond Jing and/or his/her partners, staff, employees, practice group or affiliated clinic and, if so, identify the dosages, number of tablets provided, and dates on which such samples were provided.

**RESPONSE: Bayer objects that this interrogatory is overly broad, unduly burdensome, vague and ambiguous, including but not limited to the phrase "other 'free' prescriptions of Baycol" and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. As such, information provided in response to this interrogatory will contain information through and including August 6, 2001, the last known date of the last known Baycol prescription of the plaintiff. Subject to and without waiving its specific objections and the objections in paragraphs 1-8 of its general objections herein, Bayer states that Dr. Raymond Jing received Baycol samples on the indicated dates:**

**Tooanh N. Nguyen**

**4/30/1999**

**Ross Delmondo**

**8/31/1999**
**12/15/1999**
**1/19/2000**

**12/4/2000**

**Bayer further states that it has previously produced detailing and sampling information as required by PTO 149, and that the burden of deriving a further response to this request is substantially the same for Plaintiff as it is for Bayer.**

3. Identify all documents which Defendants provided, transmitted or otherwise communicated to Dr. Raymond Jing and/or his/her partners, staff, employees, practice group, or affiliated clinic concerning Baycol and/or other statins during the period January 1, 1998 to the present.

**RESPONSE: Bayer objects that this request is vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific objections or those stated in paragraphs 1-8 of its general objections herein, Bayer states that it has produced Baycol marketing, promotional and sales training materials provided to sales representatives. Bayer further states that, after reasonable investigation, it has no information or record from which it can ascertain which specific marketing and promotional materials, if any, were provided to the prescribing physician. See the response to Interrogatory No. 8, which is incorporated herein by**

**reference.**

4. State whether Dr. Raymond Jing and/or his/her partners, staff, employees, practice group, or affiliated clinic received any compensation, financial or otherwise, from Defendants relating to Baycol and/or statins. If so, identify the nature and amount of said compensation, the circumstances surrounding such compensation, and the corresponding dates.

**RESPONSE: Bayer objects that this request is overly broad, unduly burdensome, vague and ambiguous, including but not limiting the use of the phrase "compensation, financial or otherwise," and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific objections or those stated in paragraphs 1-8 of its general objections herein, Bayer states that, after reasonable investigation, it has located no documents or other information responsive to this interrogatory with respect to the prescribing physician, Dr. Raymond Jing.**

5. Identify all documents regarding communications between Defendants and their agents or employees including, but not limited to, Ross Delmendo, Mercedes R. Cain, Tooanh N. Nguyen, Stanley Smith, and Patrina D. Stewart, with Dr. Raymond Jing regarding Baycol and/or statins during the period

January 1, 1998 to the present.

**RESPONSE: Bayer objects that this request is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific objections or those stated in paragraphs 1-8 of its general objections herein, Bayer states it has previously produced detailing information as required by PTO 149. Bayer further states it will produce documents from the files of sales representatives identified in response to interrogatory 1, relative to the prescribing physician Dr. Raymond Jing, as the burden of deriving a response to this interrogatory is substantially the same for the Plaintiff as it is for Bayer.**

6: Identify all educational materials, training sessions or other seminars attended by Ross Delmendo, Mercedes R. Cain, Tooanh N. Nguyen, Stanley Smith, and Patrina D. Stewart during the period January 1, 1998 to the present.

**RESPONSE: Bayer objects that this request is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific objections or those stated in paragraphs 1 – 8 of its preliminary statement and general objections**

**herein, Bayer states it has previously produced documents regarding Baycol-related training of salespersons and advertising and promotional materials provided to sales representatives responsive to this interrogatory, including without limitation documents located on CD Nos. 27 through 33 of the April 1, 2002 production and CD Nos. 1 through 4 of the February 4, 2003 production, and that the burden of deriving a response to this interrogatory is substantially the same for Plaintiff as it is for Bayer.**

7. Identify all documents that were provided by you to Ross Delmendo, Mercedes R. Cain, Tooanh N. Nguyen, Stanley Smith, and Patrina D. Stewart in connection with his/her/their effort(s) to detail, market, sell, or communication information regarding Baycol and/or other statins.

**RESPONSE: See the response and objections to Interrogatory No. 6, which are fully incorporated herein by reference.**

8. Identify all dates in which a "Dear Doctor" and/or "Dear Health Care Provider" letter was transmitted to Dr. Raymond Jing and/or his/her partners, staff, employees, practice group, or affiliated clinic by you relating to Baycol and/or other statins during the period January 1, 1998 to the present.

**RESPONSE: Bayer objects that this request is overly broad, unduly**

**burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific objections or those stated in paragraphs 1-8 of its general objections herein, Bayer states that upon reasonable investigation its mailing records reflect that Dear Healthcare Professional letters, copies of which have been previously produced to the plaintiffs, dated December 1999 and June 2001 were sent to Raymond Jing, 11539 S. Hawthorne Blvd., Hawthorne, CA 90250 and 4314 W. Slauson Ave., Los Angeles, CA 90045. Bayer further states that it will produce documents responsive to this request from the files of the sales representatives identified in response to Interrogatory No. 1, to the extent they can be identified, if any exist, relative to the prescribing physician.**

9. Identify whether Dr. Raymond Jing has ever received a grant, honorarium, or other types of funds from you or any entity with whom you are affiliated. If you have provided Dr. Raymond Jing with any grant, honorarium, or other types of funds, please state the amount(s), date(s), and purpose of the grant, honorarium or other funds.

**RESPONSE: See response and objections to interrogatory no. 4, which are fully incorporated herein.**

10. Identify and state the date(s) and substance of any communication between you, your agents, or employees, including but not limited to, Ross Delmendo, Mercedes R. Cain, Tooanh N. Nguyen, Stanley Smith, and Patrina D. Stewart and Dr. Raymond Jing concerning Baycol and/or other statins during the period January 1, 1998 to the present.

**RESPONSE: See response and objections to interrogatory no. 5, which are fully incorporated herein.**

11. Identify the name, place and date of any and all Baycol- and/or statin-related education seminars, symposia, luncheons, or meetings that were in any way funded by you or an entity with whom you are affiliated, that were also attended by Dr. Raymond Jing during the period January 1, 1998 to the present.

**RESPONSE: Bayer objects that this request is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific objections or those set forth in paragraphs 1-9 of its general objections herein, Bayer states that it does not maintain a central record identifying the attendees at all seminars and meetings related to its drugs, from which Bayer could determine if a particular physician was present in response to this request. Bayer often**

**contracted with third parties to handle the planning and administration of such events, including preparation of the invitations and attendance lists, and such documents, if they exist, may be in the possession of such third parties. Bayer has produced the Baycol-related educational, marketing and promotional materials in its possession to plaintiffs which provided the content for such meetings and seminars. Bayer further states that it will produce documents responsive to this request from the files of the sales representatives identified in response to Interrogatory No. 1, to the extent they can be identified, if any exist, relative to the prescribing physician.**

12. Identify any and all publications, journal articles, scholarly writings, or other articles that were transmitted or communicated by you or any entity with whom you are affiliated to Dr. Raymond Jing during the period January 1, 1998 to the present.

**RESPONSE: See response and objections to interrogatory no. 3, which are fully incorporated herein.**

13. Identify whether you ever received any communication and/or document, including an adverse event report relating to Julius Hughes, as well as the date of receipt of said information, excluding any documents filed by Plaintiff in this litigation.

**RESPONSE: Subject to and without waiving its specific objections or those set forth in paragraphs 1-9 of its general objections herein, Bayer states that it has previously produced documents responsive to this request at Bayer MDL Rep 003093 to 003096.**

14. Identify whether Julius Hughes was ever a participant in any clinical study relating to Baycol and, if yes, identify the names and dates of said clinical study.

**RESPONSE: Bayer objects that this request is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

AS TO OBJECTIONS:

Dated: June 30, 2006

SIDLEY AUSTIN LLP
555 W. Fifth Street, Suite 4000
Los Angeles, CA 90013

By: ______________________
Catherine Valerio Barrad
Attorneys for Defendant Bayer Corporation and Bayer AG

Of Counsel:

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA 15219
(412) 566-6000

## CERTIFICATE OF SERVICE

Copies of the foregoing were sent on this 30th day of June, 2006 via electronic mail and U.S. mail to:

William M. Audet
waudet@alexanderlaw.com
Alexander, Hawes & Audet, LLP
152 N. Third St., #600
San Jose, CA 95112

Deanna D. Dailey, Esq.
ddailey@larsonking.com
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

**Attorneys for Plaintiffs**

Kathryn L. Connelly, Esq.
kathryn.connelly@dechert.com
DECHERT LLP
Cira Center
2929 Arch Street
Philadelphia, Pennsylvania 19104-2857

Thomas M. Moore, Esq.
Mario Horwitz, Esq.
thomas.moore@dbr.com
mario.horwitz@dbr.com
DRINKER BIDDLE & REATH LLP
333 South Grand Avenue, Suite 1700
Los Angeles, California 90071-2300

**Counsel for Defendant SmithKline Beecham Corporation dba GlaxoSmithKline**

[signature]

# Exhibit S

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re BAYCOL PRODUCTS LITIGATION | MDL No. 1431 (MJD) |
| This Document Relates to: | |
| *Julius Hughes, et al. v. Bayer Corp., et al.* | Case No. 02-0058 |

**RESPONSE OF DEFENDANTS BAYER CORPORATION AND BAYER AG TO PLAINTIFF JULIUS HUGHES' REQUEST FOR PRODUCTION OF DOCUMENTS (REQUEST NO. 2)**

PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1. Bayer Corporation and Bayer AG (collectively "Bayer Defendants" or "Bayer") object to Plaintiff's Request for Production of Documents because those written discovery requests are outside the scope of case-specific discovery allowed by Pretrial Order 149, the terms of which govern "all actions" that are part of the above-referenced Multi-District Litigation, including this matter.

Specifically, Section I.A.1. of Pretrial Order 149 provides:

**I. CASE-SPECIFIC DISCOVERY**

**A. General Principles**

1. **Sole and Exclusive Forum for Conducting Case-Specific Discovery.** All case-specific discovery in cases

> currently docketed or that may in the future be docketed in MDL 1431 and all related actions that have been or will be originally filed in or removed to this Court shall occur under the express limitations set forth below and during the time periods permitted herein.

Although Pretrial Order 149 includes numerous provisions defining the scope of allowable case-specific discovery, there is no provision allowing the service of case-specific written discovery by any party. For this reason, the Bayer Defendants object to the Request for Production of Documents served by Plaintiff in this matter in its entirety. Moreover, the Bayer Defendants object to the Request for Production of Documents served by Plaintiff insofar as it seeks duplicative information previously produced pursuant to section I.C.1.c.(1) of PTO 149.

Finally, Bayer AG further objects to each interrogatory or request to the extent it seeks information and/or documents relative to sales representatives employed by Bayer Corporation, including, without limitation, information relative to contacts by such representatives with the prescribing physician(s) in this case.

2. The volume of documents and electronic data collected, reviewed and produced in the Baycol litigation has required the Bayer Defendants to coordinate their responses to the similar discovery requests of plaintiffs' counsel around the country. Accordingly, Bayer began producing documents to various plaintiffs on

March 1, 2002. The initial productions consisted of the imaged physical files of numerous people involved in Baycol, including employees who worked in Sales and Marketing, Drug Safety, Regulatory Affairs, Medical Affairs, and Clinical Communications; the Investigational New Drug Application ("IND") submitted to the FDA; the Supplemental New Drug Application ("SNDA") for the 0.8 milligram dose of Baycol submitted through CANDA; over 6 million database records of physician prescribing information; animal and clinical studies related to Baycol; and promotional and sales training materials, including over 100 videotapes. Bayer has made numerous supplemental document productions, including the New Drug Application ("NDA") and Supplemental New Drug Applications ("SNDA") related to Baycol; the Regulatory Affairs department files relating to these applications; various database records; and additional documents of Bayer employees. To date Bayer has produced over six million pages of documents and other material. Bayer has also offered to produce its adverse events database, and provided plaintiffs' counsel information regarding arrangements necessary to obtain a license offered by the vendor of the Clintrace database software licensed by Bayer.

3. As the Bayer Defendants have not completed their investigation of this matter, given the extensive number of documents and electronic data that must

be reviewed, responses are provided herein without prejudice to Bayer's right to amend or supplement the same.

4. The Bayer Defendants object to this discovery to the extent that it seeks to discover information that is protected by the attorney-client privilege, joint defense privilege, the attorney work-product doctrine, discovery exemptions afforded consulting experts, or as trial preparation material or by any other applicable privilege or protection afforded by common law, statutory law, constitutional law or otherwise.

5. The Bayer Defendants object to any and all requests to the extent that they seek confidential financial, trade secret or other business information, medical histories, personnel records or health histories without the protection of an acceptable form of stipulation and protective order adequate to preserve the confidentiality of such information.

6. The Bayer Defendants object to any and all requests to the extent that they seek information or the identification of documents, writings, records, or publications in the public domain since such information is equally available to the plaintiffs.

7. The Bayer Defendants object to any and all requests to the extent that they are overly broad, unduly burdensome, are not specific as to time, seek irrelevant information, are not stated with reasonable particularity, and are not reasonably calculated to lead to the discovery of admissible evidence.

8. The Bayer Defendants object to the definitions contained in these requests to the extent that they purport to expand, enlarge or alter its obligations under the applicable Federal Rules of Civil Procedure.

9. The Bayer Defendants hereby incorporate their objections set forth above into each of the following responses.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1. All call notes, trip reports, invoices, travel logs, calendars, diaries, journals, records, summaries, outlines, memoranda, correspondence or other documents relating to visits to or communications by Defendants and their agents or employees, including but not limited to Ross Delmendo, Mercedes R. Cain, Tooanh N. Nguyen, Stanley Smith, and Patrina D. Stewart and Dr. Raymond Jing, and/or his/her employers, employees, staff, partners, practice group members or clinic, relating to Baycol and/or statins during the period January 1, 1998 to the present.

**RESPONSE: Bayer objects that this request is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific objections or those stated in paragraphs 1 – 9 of its preliminary statement and general objections herein, Bayer states it has previously produced detailing information as required by PTO 149; documents regarding Baycol-related training of salespersons; and advertising and promotional materials provided to sales representatives responsive to this request, including without limitation documents located on CD Nos. 27 through 33 of the April 1, 2002 production and CD Nos. 1 through 4 of the February 4, 2003 production. Bayer will produce additional documents responsive to this request to the extent they can be identified, if any exist, relative to the prescribing physician.**

2. All documents provided by Defendants and their agents or employees, including but not limited to Ross Delmendo, Mercedes R. Cain, Tooanh N. Nguyen, Stanley Smith, and Patrina D. Stewart to Dr. Raymond Jing and/or his/her employees, staff, partners, practice group or clinic relating to Baycol and/or any statin during the period January 1, 1998 to the present.

**RESPONSE: See the response and objections to Request No. 1, which are fully incorporated herein by reference. Bayer further states that it has produced Dear Healthcare Provider letters and other Baycol-related mailings to physicians and will produce pages of the mailing lists evidencing letters sent to the prescribing physician. Bayer will produce additional documents responsive to this request to the extent they can be identified, if any exist, relative to the prescribing physician.**

3. All documents regarding the prescribing history of Dr. Raymond Jing for the period January 1, 1998 to the present, including all documents concerning the prescribing practices, prescriptions written or other information concerning prescriptions written for Baycol and/or any statin by Dr. Raymond Jing and his/her partners, staff, employees, or clinic for the period January 1, 1998 to the present.

**RESPONSE: Subject to and without waiving its specific objections or those stated in paragraphs 1 – 9 of its preliminary statement and general objections herein, Bayer has previously produced prescriber information from its IMS and NDC databases at CD #36 of the April 1, 2001 production. Instructions for using the data on the CD were given at the time of the production.**

4. All promotional literature, including any medical articles relating to

Baycol and/or any statin, communicated, provided, or otherwise transmitted Dr. Raymond Jing by Defendants and/or their agents or employees, including but not limited to Ross Delmendo, Mercedes R. Cain, Tooanh N. Nguyen, Stanley Smith, and Patrina D. Stewart during the period January 1, 1998 to the present.

**RESPONSE: See the response and objections to Request 1, which are fully incorporated herein by reference.**

5. Records of any communications, correspondence, or other documentation of communication between Defendants and/or their agents or employees, including but not limited to Ross Delmendo, Mercedes R. Cain, Tooanh N. Nguyen, Stanley Smith, and Patrina D. Stewart and Dr. Raymond Jing and his/her partners, staff, employees, or clinic during the period January 1, 1998 to the present.

**RESPONSE: See the responses and objections to Requests 1 and 2, which are fully incorporated herein by reference.**

6. All documents regarding training materials, seminars, or other education provided or communicated by Defendants, or any entity affiliated with or at the direction of Defendants, to Ross Delmendo, Mercedes R. Cain, Tooanh N. Nguyen, Stanley Smith, and Patrina D. Stewart regarding Baycol, statins, gemfibrozil, and/or lopid.

**RESPONSE: See the response and objections to Request 1, which are fully incorporated herein by reference.**

7. All documents that relate to, refer to, identify, or discuss any and all sales persons, detail persons, or employees or agents of Defendants who detailed, marketed, or otherwise communicated information regarding Baycol and/or statins to Dr. Raymond Jing and his/her partners, employees, staff, clinic or practice group during the period January 1, 1998 to the present.

**RESPONSE: See the response and objections to Request 1, which are fully incorporated herein by reference.**

8. All documents that were provided or communicated by or at the direction of Defendants and/or their agents or employees to Ross Delmendo, Mercedes R. Cain, Tooanh N. Nguyen, Stanley Smith, and Patrina D. Stewart regarding Baycol and/or statins during the period January 1, 1998 to the present, including but not limited to documents or other materials for use by Ross Delmendo, Mercedes R. Cain, Tooanh N. Nguyen, Stanley Smith, and Patrina D. Stewart in preparing for or communicating with healthcare professionals.

**RESPONSE: See the response and objections to Request 1, which are fully incorporated herein by reference.**

9. All "Dear Doctor" letters and/or "Dear Health Care Provider" letters

that were transmitted by Defendants and/or its agents or employees to Dr. Raymond Jing relating to Baycol and/or statins, including but not limited to, documentation relating to or otherwise confirming the transmittal dates of such documents.

**RESPONSE: See the response and objections to Request 2, which are fully incorporated herein by reference.**

10. All documents which relate to, refer to, or discuss whether Dr. Raymond Jing, his/her partners, staff, employees, practice group or clinic have ever received a grant, honorarium, or any other types of funds, monies, gifts, or incentives from you or any entity with whom You are affiliated.

**RESPONSE: Bayer objects that this request is overly broad, unduly burdensome, vague and ambiguous, including but not limited to the use of the phrase "funds, monies, gifts, compensation, or incentives," and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to the portion of this request that seeks information from "any entity with whom You are affiliated" on the grounds that it is vague and ambiguous and seeks documents and information outside Bayer's custody and control. Subject to and without waiving its specific objections or those stated in paragraphs 1-9 of**

**its general objections herein, Bayer will produce additional documents responsive to this request to the extent they can be identified, if any exist, relative to the prescribing physician.**

11. All documents which identify, relate to, refer to, or discuss the name, place, and date of any and all Baycol- and/or statin-related educational seminars, symposia, luncheons, or other meetings, that were funded in any way by Defendant or an entity with whom Defendant is affiliated, and were attended by Dr. Raymond Jing and/or located in California during the period January 1, 1998 to the present.

**RESPONSE: Bayer objects that this request is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific objections or those set forth in paragraphs 1-9 of its general objections herein, Bayer states that it does not maintain a central record identifying the attendees at all seminars and meetings related to its drugs, from which Bayer could determine if a particular physician was present in response to this request. Bayer often contracted with third parties to handle the planning and administration of such events, including preparation of the invitations and attendance lists, and such documents, if they exist, may be in the possession of such third parties.**

**Bayer has produced the Baycol-related educational, marketing and promotional materials in its possession to plaintiffs which provided the content for such meetings and seminars. Subject to and without waiving its specific objections or those stated in paragraphs 1-9 of its general objections herein, Bayer will produce additional documents responsive to this request to the extent they can be identified, if any exist, relative to the prescribing physician.**

12. All documents which relate to, refer to, or discuss any and all publications, journal articles, scholarly writings, medical articles, peer review articles, or other articles regarding Baycol and/or statins that were otherwise transmitted by you or any entity with whom you are affiliated, to Dr. Raymond Jing, his/her partners, staff, employees, practice group, or clinic during the period January 1, 1998 to the present.

**RESPONSE: See the response and objections to Request 1, which are fully incorporated herein by reference.**

13. All documents which identify, relate to, refer to, or discuss Baycol samples provided to or returned by Dr. Raymond Jing, his/her partners, staff, employees, practice group or clinic.

**RESPONSE: See the response and objections to Request 1, which are**

**fully incorporated herein by reference.**

14. All documents which relate to, refer to, or discuss whether or not Plaintiff was ever a participant in any clinical study relating to Baycol.

**RESPONSE: Bayer objects that this request is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

15. All documents which relate to, refer to, or discuss whether Dr. Raymond Jing, his/her partners, staff, employees, practice group or clinic, participated in or were in any way affiliated or involved with any clinical study relating to Baycol.

**RESPONSE: Bayer objects that this request is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

16. Any and all documents regarding awards, incentives, bonuses, trips, or prizes relating to or received by Ross Delmendo, Mercedes R. Cain, Tooanh N. Nguyen, Stanley Smith, and Patrina D. Stewart from or on behalf of Defendants during the period January 1, 1998 to the present.

**RESPONSE: Bayer objects that this request is overly broad, unduly burdensome, vague and ambiguous, including but not limited to the phrase "awards, incentives, bonuses, trips, or prizes" and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its specific objections or those stated in paragraphs 1 – 9 of its preliminary statement and general objections herein, Bayer will produce documents responsive to this request, to the extent they can be identified, if any exist, relative to the sales representatives/detailers who called on the prescribing physician.**

17. Documents relating to third-parties, contractors, or other individuals retained, or otherwise hired, by Defendants to detail, sell, market, or otherwise communicate information regarding Baycol and/or statins to Dr. Raymond Jing and his/her partners, staff, employees, practice group, or clinic during the period January 1, 1998 to the present.

**RESPONSE: Bayer objects that this request is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Bayer further objects to this request on the grounds that it seeks documents and information outside Bayer's custody and control.**

18. Any and all documents identified or referenced in your Answers to Interrogatories.

**RESPONSE: See the response to Request No. 1, which is incorporated herein by reference.**

Dated: June 30, 2006

SIDLEY AUSTIN LLP
555 W. Fifth Street, Suite 4000
Los Angeles, CA 90013

By: [signature]
Catherine Valerio Barrad
Attorneys for Defendant Bayer Corporation and Bayer AG

Of Counsel:

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000