**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : MDL No. 1431 (MJD) |
| This Document Relates to: | : |
| *Julius Hughes et al. v. Bayer Corp. et al.* | : Case No. 02-0058 |

# DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS, WITNESSES AND ANSWERS TO INTERROGATORIES

Plaintiff's motion to compel Bayer Corporation and Bayer AG (collectively "Bayer") to respond to written discovery (in the form of document requests) and to produce a regional sales manager for deposition should be denied. First, Bayer has more than complied with plaintiff's written discovery requests, including producing all relevant and responsive documents after preserving its objection to the discovery as being outside the scope of PTO 149. Second, plaintiff's motion to compel depositions is likewise moot because plaintiff has already taken all necessary steps to obtain the deposition of Bayer's former employee, the regional sales manager, and that deposition is scheduled for Monday, July 31, 2006.

Indeed, plaintiff's main complaints are that his supplemental document requests did not yield a large number of responsive documents, that Bayer's former employees would not appear at a deposition absent a subpoena, and that Bayer's counsel met and conferred in writing.[1] Bayer has fully complied – and more – with its discovery obligations, and the fact that plaintiff is disappointed is not "gamesmanship." Plaintiff's motion should be denied.

---

[1] Although plaintiff's motion mentions his interrogatories, he has not moved to compel them, and thus this opposition discusses only his complaints relating to his two sets of requests for production of documents and his attempts to obtain testimony from a former Bayer employee.

## I. Bayer Has More Than Complied With Its Document Production Obligations

Plaintiff's first set of discovery requests to Bayer were propounded on or about May 3, 2006, and Bayer timely responded on June 2, 2006. Plaintiff then propounded a second set of discovery requests to Bayer along with interrogatories on or about June 2, 2006, and Bayer timely responded to both on June 30, 2006. Bayer responded to each by preserving its objection to the discovery as being outside the scope of permissible case-specific discovery under PTO 149, and then further agreeing to produce relevant, responsive documents to the extent that there were any not yet produced.

Accordingly, plaintiff's motion should be denied because Bayer has, in fact, complied with plaintiff's discovery requests. In compliance with PTO 149 section I.C.1.c, Bayer produced "detailing information for the physician who prescribed Baycol to the Plaintiff" on May 26, 2006. Moreover, in response to plaintiff's supplemental written discovery, Bayer made further searches of its documents and identified any and all relevant, responsive documents relating to this plaintiff and his physician that had not already been produced, and produced them on June 16, 2006 and July 14, 2006.

While plaintiff complains at length about the brevity of the document production, plaintiff has no authority for his assertion that the quantity of documents produced alone demonstrates defendants' non-compliance with discovery obligations. Indeed, plaintiff has no basis for complaint, other than his counsel's belief that there are likely to be more documents. *See* Mot. at 7. In reality, Bayer's responses to plaintiff's document requests either provide the information requested, identify documents already produced in this litigation, state that certain documents will be produced, or inform plaintiff that Bayer has no additional information or documents responsive to the request. Plaintiff has failed to identify any supposed deficiency in

Bayer's supplemental responses. Because Bayer has responded to plaintiff's written requests, his motion to compel should be denied as moot.

## II. Plaintiff's Motion To Compel Depositions Is Also Moot

Plaintiff also expressed his interest in obtaining the deposition testimony of two former Bayer employees – identified by deposition testimony of a sales representative – who acted as regional sales manager for sales representatives detailing plaintiff's physician during the relevant time. Plaintiff has represented that he successfully subpoenaed one of these individuals for deposition. Consequently, plaintiff's motion to compel depositions is also moot.

As plaintiff knew before filing his motion to compel, counsel for the parties had agreed on a deposition date for sales representative Ross Delmendo, which went forward as scheduled on July 12, 2006. In that deposition, plaintiff obtained the names of two regional sales managers (both of whom are ***former*** employees of Bayer and thus subject to subpoena), and has subsequently subpoenaed one of these witnesses to appear for his deposition on Monday, July 31, 2006. Thus, defendants have complied with its obligation under PTO 149, and plaintiff is in the process of obtaining the discovery that is the subject of his motion to compel.[2]

## CONCLUSION

Contrary to plaintiff's mischaracterization of defendants' good faith efforts to discharge its discovery obligations under the parameters of PTO 149, defendants have provided substantive responses to plaintiff's written requests, produced documents, provided last-known addresses for all sales representatives no longer employed by Bayer, proceeded with the

---

[2] Bayer objected to plaintiff's discovery on the ground that he is not entitled to it under PTO 149. PTO 149 circumscribes the scope of proper pre-trial requests for information or documents, setting forth the "express limitations" for this and subsequent phases of case-specific discovery in MDL 1431. Although PTO 149 includes numerous provisions defining the scope of allowable case-specific discovery, it does not contemplate written discovery in the form of interrogatories or requests for production, nor does it contemplate depositions of non-case-specific regional sales managers.

deposition of one sales representative that plaintiff served with a subpoena, and anticipate that the deposition of the regional sales manager that plaintiff subpoenaed will also proceed. Consequently, plaintiff's entire motion to compel is moot and should be denied.

Dated: July 27, 2006

Respectfully submitted,

/signature on file/

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Catherine Valerio Barrad
Christine K. Son
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
(213) 896-6000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

CERTIFICATE OF SERVICE

I, Minerva M. Vasquez, certify that a true and correct copy of the foregoing Defendant's Opposition to Plaintiff's Motion to Compel the Production of Documents, Witnesses and Answers to Interrogatories and proposed order were electronically filed and served on July 27, 2006.

/signature on file/
Minerva M. Vasquez